(89 South. 829)

## BLACKMAN v. DOWLING, City Treasurer.
## (4 Div. 725.)

(Court of Appeals of Alabama. June 30, 1921.)

1. Schools and school districts ⬚32—Legislature may enlarge city district by including outside territory and charge city with administration of its affairs.

The city of Ozark, incorporated by Acts 1894–95, p. 436, was a creature of the Legislature, and the Legislature can confer on it rights and burdens, powers, and duties not inconsistent with the Constitution, and could therefore enlarge the same as a school district embracing its territory and additional territory and charge the municipality with the duty of administering affairs in the district thus created, as was done by Acts 1896-97, p. 127.

2. Schools and school districts ⬚103(2)— Special election to vote tax held legal.

Notwithstanding Acts 1896–97, p. 127, creating a school district embracing the city of Ozark and other territory, such city is subject to Acts 1919, p. 567 et seq., as a city of 2,000 population, and under article 12, § 3, a special election on the question of levying a special tax was properly held including the entire territory covered by the district.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action by W. A. Blackman against J. R. Dowling, as treasurer of the city of Ozark, to recover the sum of $3, paid under duress as a special school tax of 30 cents on each $100 worth of property owned by the plaintiff during the years of 1919 and 1920, which property was situated within two miles of the courthouse of the city of Ozark, but outside of the corporate limits of Ozark. From a judgment for the defendant, plaintiff appeals. Affirmed.

It was agreed that the city of Ozark was incorporated (Acts 1894–95, p. 436), under an act of the Legislature, and that the corporate limit extended one mile in every direction from the courthouse in said city, and that by Acts 1896–97, p. 127, a separate school district was created out of the territory within two miles of the courthouse of said city, and that under General Acts 1903, p. 289, the county redistricting board of Dale county, in a proper and legal way, redistricted the county and made the Ozark school district, naming it district No. 41, with the same boundaries as were fixed by the act last above referred to, accurately described it and the other districts, filed these accurate descriptions with the judge of probate, and the same were recorded as provided by law. It was further agreed that plaintiff has resided throughout the years 1919, 1920, and until the trial in 1921

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

more than a mile from the courthouse of the city of Ozark, but within two miles of said courthouse and within the boundaries of school district No. 41, and that all of his property is situated without the corporate limits of said town, but within said school district. It was agreed further that 129 legal voters petitioned the members of the Ozark city school board, district No. 41, to file with the probate judge in the court of county commissioners a petition calling an election to determine whether or not a special tax should be levied for the purpose of erecting a school building, equipping and maintaining the same in said district, said taxes not to exceed 30 cents on each $100 worth of taxable property in said school district. Here follows the petition, the order calling the election, notice of the same, and the election was duly held under said order; whereupon the court entered an order finding that at said election 131 votes were cast for the proposed tax and 42 votes against it, and the tax was accordingly levied, and, plaintiff having failed to pay same, the proper tax collector of Dale county issued a tax execution against the plaintiff and he paid the same under protest and duress. It is further agreed that this amount was turned over to the treasurer of the city of Ozark upon an agreement that he would assume all liabilities and obligations of the tax collector to plaintiff on account of the payment and collection of this tax, with the agreement that he would return the same to the plaintiff in the event it was judicially determined that plaintiff was not liable for the tax. It was further agreed that plaintiff's right to recover depends upon whether or not the said tax, as a special school tax, was legally levied and assessed against the plaintiff, or was levied without authority or warrant of law, and this regardless of any seeming variance or technical objection to the parties plaintiff or defendant; plaintiff's insistence and contentions being that the earlier acts referred to in this agreement were so far repealed by the acts of the Legislature of 1919 as to render said petition and call for said election, the election itself, and the levy, assessment, and collection of said taxes as a special three-mill school tax for school district No. 41 void, and that only the citizens and legal voters residing within the corporate limits of the city of Ozark at the time said election was called and held could legally determine by their vote whether or not said three-mill special school tax should be levied and assessed within the corporate limits of said city of Ozark, and that the said officers and authorities did not have the right to incorporate the territory in school district No. 41 and to hold an election as was done for said entire district.

Sollie & Sollie, of Ozark, for appellant.

The Acts of 1919, pp. 567 to 678, repealed all earlier statutes, and repealed the special school district, created in 1896. Counsel cite no authority in support of his contention.

Martin & Martin, of Ozark, for appellee.

The court arrived at the proper conclusion that the special act fixing the Ozark school district was not repealed by the General Acts of 1919. 164 Ala. 529, 51 South. 159; 197 Ala. 398, 73 South. 46, and the cases therein cited.

SAMFORD, J. [1] The city of Ozark was incorporated by special act of the Legislature (Acts 1894–95, p. 436). In said act the corporate limits of Ozark covered a territory one mile in every direction from the courthouse, and its municipal jurisdiction was fixed within such territory, included in which was the maintenance of a public school system. By act of the Legislature approved December 9, 1896 (Acts 1896–97, p. 127), the jurisdiction of the municipality, so far as the public schools were concerned, was enlarged so as to embrace a territory two miles in every direction from the courthouse. The municipality was a creature of the Legislature, upon which the Legislature could confer rights and burdens, powers, and duties of government, not inconsistent with the Constitution. This it did, creating a school district embracing the original territory of the municipality and charging the municipality with the duties of administering the affairs in the school district thus created. By all subsequent legislation and acts of administrative officers under them, the act of December 9, 1896, has been fully recognized and the territory affected thereby has been treated as a separate school district.

[2] None the less, Ozark is and remains a city of 2,000 population, and as such is governed by and comes under the terms of the act approved September 26, 1919 (Acts 1919, p. 567 et seq.). Under article 12, § 3, a special election may be ordered according to the terms of the act, which special election must include the entire territory covered by the district. Under the agreed statement of facts in this case, the election was called and had in conformity to the requirements of the act of September 26, 1919, supra, and being so held, and the taxes levied thereunder, they were properly paid and the plaintiff is not entitled to recover them back.

The general rules of construction as to repeal of statutes is so well known we do not deem it necessary to comment upon the several decisions cited by counsel in brief, further than to say the decisions cited are in line with the foregoing views.

We find no error in the record, and the judgment is affirmed.

Affirmed.