**CAREY v. CITY OF HALEYVILLE et al.**

**6 Div. 754.**

Supreme Court of Alabama.

May 16, 1935.

Thos. J. Carey, of Haleyville, for appellant.

Roy Mayhall, of Haleyville, for appellees.

GARDNER, Justice.

The bill is by a resident taxpayer of Haleyville, Ala., a municipality of 2,115 inhabitants, seeking injunctive relief against the issuance of bonds for funds intended to be used in the erection of an elementary school building within the corporate limits of said municipal corporation. Formerly the schools of Haleyville were under the control of the city board of education. But upon the School Code of 1927 becoming effective, requiring for such city board a population of 2,500 or more, the city board was in effect abolished and its duties and powers assumed by the county board of education. Dunlap v. Board of Education, 218 Ala. 631, 120 So. 144; School Code 1927, §§ 188 and 86.

The school district, of which Haleyville is a part, embraces surrounding territory, as was the situation considered in Blackman v. Dowling, 18 Ala. App. 229, 89 So. 829, relating to the city of Ozark.

The bill charges that the municipal authorities propose to borrow $34,000, secured by the general obligation bonds of the municipality, with which to pay one-half the cost of a new elementary school building to be erected within its corporate limits, the county board of education to pay the remaining one-half cost thereof, the school to be open for pupils from the entire school district, of which Haleyville is but a part.

It is complainant's theory that as the school building will not be the property of Haleyville, nor the school under its direct supervision and control, but under the control and administration of the county board (School Code 1927, § 86; Gen. Acts, Extra. Sess. 1933, p. 81, amending School Code 1927, § 132), it is beyond the power and authority of the municipal authorities to thus devote this fund to the erection of the school building—the use of which is not confined to residents of the municipality. It is to be noted there is no insistence that, including the funds proposed to be borrowed, Haleyville will exceed its constitutional debt limit.

The question then is solely one of legislative intent, for municipal corporations, being mere instrumentalities of the state, possess such powers as the Legislature may confer. State v. Gullatt, 210 Ala. 452, 98 Só. 373; Blackman v. Dowling, supra; 43 Corpus Juris 186.

The right of the municipality to borrow and expend the fund of which complaint is here made, cannot rest upon section 2314, Code 1923, for the reason that the language of this statute clearly infers that title to the property should be acquired by the municipal corporation, and the tax therein authorized is based likewise upon the supposition that the title will be so acquired. But the powers of municipalities in regard to many forms of improvements for the comfort, safety, health, and convenience of the inhabitants thereof, were broadened by the Act of September 10, 1927, Gen. Acts 1927, p. 534. This act provides for the issuance of bonds of municipalities when authorized by an election as therein detailed for the purpose of constructing public buildings, and public schoolhouses, and "public school houses and buildings to be used in connection" therewith is found repeated in the act (section 6), with like repetition in the Amendatory Act of July 22, 1931, Gen. Acts 1931, p. 601.

As to these broad provisions for the erection of public schoolhouses, no question of taxation is attached thereto, as is the case under section 2314, Code, nor is there any indication that the matter of title to the project was of any controlling importance. Municipal corporations are voluntary associations created and built upon the voluntary

498

assent of the community and its citizens (Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551), and a reading of the act of 1927 as amended by that of 1931 is persuasive that the Legislature had this in view, and intended.a broad authority in matters affecting the health, convenience, and promotion of the general welfare of the inhabitants thereof— all of which were to be sanctioned by the voters before the bonds could be thus issued for these purposes.

True, the municipality may not have title to the school building, and it may be under the control of the county board (Gen. Acts, Ex. Sess. 1933, p. 81, amending School Code 1927, § 132), and the affairs of the school be under like control. School Code 1927, § 86. But considerations of this character would deny to the municipal corporation the power to donate any funds to the betterment of the schools located therein, as its public schools, by reason of the population limitation of 2,500, are under the supervision of the county board. Yet the inhabitants of Haleyville receive the benefit and enjoy the privileges of these schools in their midst; and the mere fact that another and independent agency of the state controls their affairs is no reason for a denial of the right of the citizens through their municipal authorities lending aid in support of such institutions.

The lawmakers, of course, presumably were .aware of the restrictions imposed in section 2314 of the Code, and were likewise aware of the fact that in municipalities of less than 2,500 inhabitants the supervision and control of the public schools were with the county board.

No sound. reason appears why such municipalities may not devote surplus proceeds of revenue for the erection or maintenance of such schools located within their corporate limits. The inhabitants receive the benefits, though along with others in territory surrounding.

This fact was noted as of importance by the Connecticut court in McDonnell v. City of New Haven, 99 Conn. 484, 121 A. 824.

■ These matters in view, the Legislature clearly intended that those municipalities, so situated as to their constitutional debt limit as to afford it, might issue bonds, after approval by election, to secure funds for so useful a purpose without any corresponding authority for the levy of any additional taxes as stipulated in section 2314 of the Code.

As previously observed, it is a matter of legislative intent, and we are persuaded the broad authority found in the cited act of 1927, as amended in that of 1931, was intended to embrace cases of the character here presented.

The bill contains some general reference to additional tax, but no facts are alleged indicating such a tax, nor is such a conclusion consistent with the bill's averments as a whole; for, as previously noted, there is presumably no question of constitutional debt limit presented, and no reason appears why the bonds may not be met out of the general revenue of the municipality.

We are of the opinion the proposed plan, so far as the averments of the bill are concerned, is valid, and the demurrer to the bill properly sustained.

The decree is accordingly here affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.