WILLIAM L. TROWBRIDGE, MAYOR, ETC., OF VICKSBURG, *v.*
FRANK A. SCHMIDT.

1. MUNICIPALITIES.   *Demands.   Statutes of limitations.*   *Code* 1892, § 2755.

   When a claim against a municipality becomes barred by the statute
   of limitations, it ceases to be a debt, under Code 1892, § 2755,
   providing that the completion of the period of limitation shall
   defeat and extinguish the right as well as the remedy, although
   by said statute it is further provided that the former legal ob-
   ligation shall be a sufficient consideration to uphold a new
   promise based thereon.

2. SAME.   *Duty of municipal authorities.*

   It is the duty of municipal authorities to avail of the statutes of
   limitations as a defense to demands on the municipal treasury.

3. SAME.   *Allowance of barred claim.   Warrant.   Mandamus.*

   The allowance by municipal authorities of a demand which is
   clearly barred by limitation is without consideration and *ultra
   vires*, and mandamus will not lie to enforce the issuance of a
   warrant or to complete an imperfect one, on such an allowance.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Schmidt, appellee, was plaintiff in the court below; Trow-
bridge, mayor and treasurer of the city of Vicksburg, appellant,
was defendant there.   The suit was for a mandamus.   From
a judgment in plaintiff's favor the defendant appealed to the
supreme court.   The facts are sufficiently stated in the opinion
of the court.

*Dabney & McCabe,* for appellant.

The officers of the city are not authorized, as its trustees, to
pay a claim which is barred by the statute of limitations.   Both
the right and remedy are lost where a claim is barred by the
statute.   Sec. 2755, Code 1892; 1 Dil. Mun. Corp., sec. 91,

pp. 17, 18; *Sykes* v. *Columbus,* 55 Miss., p. 137; *Adams* v. *Greenville,* 77 Miss., p. 881; *Beck* v. *Allen,* 58 Miss., pp. 143, 158, 159 and 160; *Ice Co.* v. *Adams,* 75 Miss., 415; *Spengler* v. *Trowbridge,* 62 Miss., 46.

It is said for appellee that the statute (sec. 16 of charter, p. 432, Laws 1884) is imperative and the mayor is without discretion in the matter, but this court has repeatedly held that any taxpayer could enjoin the illegal payment of the public money. 2 Dil. Mun. Corp., 906, 907, 908; *Beck* v. *Allen, supra.*

*Henry, Scudder & Mulligan,* for appellee.

The allowance by the city council was a legal and valid judgment in appellee's favor.

A municipality always had the inherent right to settle every suit or claim filed against it, as has an individual. 20 Am. & Eng. Enc. Law (2d ed.), 1146, note 8.

Trowbridge, as city treasurer, was only a ministerial officer. It was his duty to see that the warrants handed to him for his endorsement or approval had been ordered paid by the city council. Sec. 16, p. 432, Laws 1884, requiring that "all warrants issued by the city in payment of allowances made shall be presented to the treasurer of the city, who, if satisfied they are correct, shall write across the face thereof, 'approved,' and so sign his name thereon as treasurer," does not mean that the treasurer shall review the action of the board of mayor and aldermen as to the correctness or legality of an allowance, but means merely that the treasurer shall inspect the warrant for correctness, in so far as it fixes the amount, as it was allowed, and that it is made payable to the proper party. 2 Beach on Public Corporation, secs. 872, 876; *Reid* v. *City of Buffalo,* 2d Dil., sec. 859, note 3; *Bartlett* v. *Crozier,* 17 Johnson (N. Y.), 458, 439.

Mandamus lies to compel an officer to perform a duty neces-

sarily imposed on him by the office he holds.   *Pond* v. *Perrett,*
42 Conn., 13.

CALHOON, J., delivered the opinion of the court.

Schmidt's petition for mandamus sets forth that Vicksburg,
in grading her streets, had damaged his real estate; that he
applied to her municipal board for compensation, which was
allowed, and $500 ordered to be paid to him, and the clerk
issued the warrant, but that, by her charter, the treasurer had to
approve and sign it, and give check for it on the city's bank of
deposit, before the money could be had; and that the mayor,
who was also treasurer, refused to do this; and the prayer is
that he be compelled to do it, by peremptory writ of mandamus.
The treasurer filed eight pleas to this petition, all of which
were demurred to, and the demurrers sustained.   We do not
disturb this ruling as to the 1st, 2d, 4th, 5th, 6th, and 7th
pleas, but concern ourselves with the 3d and 8th.

The third plea avers, in proper terms, that, when Schmidt
filed his claim for allowance with the board, it was barred by
limitation.   The eighth plea sets up that the claim of Schmidt
was for unliquidated damages for tort; that, more than six
years after the tort, he brought suit on it in the circuit court, to
which suit the city, as was its duty, pleaded the bar; that this
suit is still undisposed of; and that pending it the claim was
presented to and allowed by the board.

We have a statute (Code 1892, sec. 2755) as follows: "2755
(2685).   *Completion of Limitation Extinguishes Right.*— The
completion of the period of limitation herein prescribed to bar
any action, shall defeat and extinguish the right as well as the
remedy; but the former legal obligation shall be a sufficient
consideration to uphold a new promise based thereon."

We find the following in Dillon on Municipal Corporations,
vol. 1 (4th ed.), sec. 504 (412): "*Defenses.*—A municipal cor-
poration *is not estopped,* after a warrant upon its treasury has

been issued, to set up the defense of *ultra vires or fraud or want or failure of consideration.* And it may maintain a *bill in equity* to cancel warrants illegally issued. Taxpayers may enjoin the issue of illegal warrants or scrip." The italics are those of the text. It is indisputable that a municipal board cannot lawfully give away public money. It is certain, also, that a former liability extinguished by the bar of the statute of limitations is no debt. It follows that paying it is giving away public money, and this is *ultra vires,* and the treasurer may refuse to pay it. *Files* v. *McWilliams,* 49 Miss., 578; *Klein* v. *Board,* 51 Miss., 878.

No question of compromise payment appears in these pleadings. It will be time enough to settle that when it comes. It does appear, however, that a case is pending in the circuit court, and was when the allowance was made by the board, involving the very question of the bar of the statute of limitations here set up. *Board* v. *Arrghi,* 51 Miss., 667. There is no similarity between the case before us and the case of a claim within the power of the board to pay, and duly audited and allowed. It is the plain duty of a county or municipal board to plead the statute of limitations when it can, under the facts. Such boards are the people's trustees.

We think there was error in sustaining the demurrers to the third and eighth pleas.

*Reversed and remanded.*