CAROTHERS *v.* TOWN OF BOONEVILLE.

(In Banc. April 4, 1934.)

[153 So. 670. No. 30988.]

E. C. Sharp, of Jackson, for appellant.

512

**Ethridge, J.,** delivered the opinion of the court.

The town of Booneville, conceiving that it might issue its bonds for the purpose of erecting a building to be leased to a manufacturer, and thereby increase employment in the town, took up with the Tupelo Garment Company, a private corporation, the question of its leasing a building, if constructed by the town of Booneville, and operating a factory therein. The Tupelo Garment Company agreed, if such building should be erected, to lease it for a period of one year, to install its own machinery, and to operate a manufacturing business in such building, and that, after one year, it and the town of Booneville could agree on future propositions. The town of Booneville then secured the enactment of the local and private bill known as House Bill No. 4, by the Extraordinary Session of 1932, approved December 21, 1932, reading as follows .

"Section 1. Be it enacted by the Legislature of the state of Mississippi, that the mayor and board of aldermen of the town of Booneville, Mississippi, be and they are hereby empowered and authorized to issue and sell bonds or certificates of credit in the sum of ten thousand ($10,000) dollars, or so much thereof as may be necessary, for and on behalf of the said town of Booneville, Mississippi, and to pledge the taxable property of said town, and to make and collect all necessary tax levies to

retire the same, the proceeds to be used in procuring a lot or lots for, and in erecting a garment factory building in the said town of Booneville, said bonds to be issued and sold in whatsoever denomination, and to bear such rate of interest, and to mature at such time or times as the said mayor and board of aldermen may elect to provide.

"Section 2. Provided that this act take effect and be in force from and after its passage. Approved December 21, 1932."

The letter of the Tupelo Garment Company reads, in part, as follows:

"We are authorized to state that if your good town shall procure lots and construct a factory building substantially in keeping with the plans and specifications now in the hands of the Hon. A. E. Hindman, Architect, Tupelo, Mississippi, and shall do the same within a reasonable length of time, that we will be interested in operating a garment factory in said building, and we have to offer you the following: We agree to have one hundred sixty machines installed and at work in said building within thirty (30) days from the time we enter for operating purposes, and to afford labor for something like two hundred employees, and that substantially all the common labor connected with this operation will be employed from among your local people; that we will furnish and install our own equipment at our own expense, will pay you a reasonable, annual rental for such building, and bind ourselves for the first year we operate to pay you a rental equal to six per cent of the investment cost of your building, plus a reasonable depreciation, and will keep up the repairs of the said building and premises, and will keep the same insured, and will enter into a new contract with you at the end of each year thereafter, such as we can agree upon, and such as will be in keeping with the plans and purposes of your project, so long as we find it profitable and desirable

from a business standpoint. We bind ourselves for a period of three (3) months to enter into a contract strictly in conformance to the above proposition, and will give this a public bid if you deem advisable. Executed in duplicate this March 21, 1933.''

The municipal authorities of the town of Booneville then gave notice that it would issue bonds in the sum of ten thousand dollars, the proceeds to be used in purchasing a lot and erecting a building thereon. An election was held resulting in an approval of the bond issue by the voters; the bonds were issued and submitted to the bond attorneys in St. Louis, who refused to approve same unless they were validated by the chancery court of this state. Thereupon, copies of the proceedings before the board of supervisors were made up and submitted to the state bond attorney for his approval, which was secured, and they were then sent to the chancery court for validation and notice was given. At the hearing before the chancellor, V. M. Carothers appeared and protested the issuance of the bonds upon a number of grounds, among which was that the act above set out violated section 183 of the Constitution, prohibiting the lending of the credit of a county or municipality to private persons and corporations. Section 183 reads as follows: ''No county, city, town, or other municipal corporation shall hereafter become a subscriber to the capital stock of any railroad or other corporation or association, or make appropriation, or loan its credit in aid of such corporation or association. All authority heretofore conferred for any of the purposes aforesaid by the legislature or by the charter of any corporation, is hereby repealed. Nothing in this section contained shall affect the right of any such corporation, municipality, or county to make such subscription where the same has been authorized under laws existing at the time of the adoption of this Constitution, and by a vote of the people thereof, had prior to its adoption, and

where the terms of submission and subscription have been or shall be complied with, or to prevent the issue of renewal bonds, or the use of such other means as are or may be prescribed by law for the payment or liquidation of such subscription, or of any existing indebtedness."

It is also contended that the act, House Bill 4, above set out, violates section 14 of the state Constitution, and the due process clause of the Federal Constitution (Amend. 14).

It will be seen from an analysis of the act that the credit of the town of Booneville is pledged for the payment of the bonds proposed to be issued, and that the municipality was not authorized to operate a manufacturing enterprise itself, but only authorized to issue bonds for the purpose of erecting a factory and to purchase a lot for such purpose. The act is one strictly in aid of a private corporation, and it is well settled in this state that taxes cannot be levied for private purposes. Lowry v. Greenville (Miss.), 122 So. 198; Lowry v. Clarksdale, 154 Miss. 155, 122 So. 195; Miller v. Tucker, 142 Miss. 146, 105 So. 774; Brister v. Leflore County, 156 Miss. 240, 125 So. 816; Ferrell v. Rufe Doak, 152 Tenn. 88, 275 S. W. 29; 46 A. L. R. 590; 26 R. C. L. 59; 61 C. J. 88, sections 18 and 19, and cases cited in the notes.

It is manifest to us that the act is in violation of section 183 of the state Constitution, as well as the due process clause of the state Constituttion.

It follows from what we have said that House Bill No. 4, above set out, is unconstitutional and void, and the proposed bond issue invalid and unauthorized. The judgment of the court will, therefore, be reversed, and the proceeding dismissed.