CITY OF LITTLE ROCK *v.* COMMUNITY CHEST OF
GREATER LITTLE ROCK.

4-6857                                            163 S. W. 2d 522

Opinion delivered June 22, 1942.

*John Sherrill* and *Howard Cockrill,* for appellant.

*Wallace Townsend* and *Owens, Ehrman & McHaney,* for appellee.

McHANEY, J. Appellee is a benevolent corporation, caring for the sick and needy in the city, and brought this action against appellants, city of Little Rock and the board of commissioners of the Little Rock Municipal Water Works. The complaint alleged that the city owns the waterworks system and that the commissioners have full and complete authority to manage and operate the waterworks system and, under Act 288 of 1941, have authority to obligate the city by making subscriptions to appellee and to obligate the city for payment of same from the waterworks funds; that the commissioners executed a pledge for $1,350, which is past due, unpaid and payment refused; that all principal and interest maturities on outstanding obligations of the waterworks have been paid and all sinking fund requirements met; and that payment of the pledge could be made without impairing other outstanding obligations.

Appellants answered, first, that they are prohibited by § 5 of art. XII of the constitution of this state from appropriating public money to appellee; second, that on February 1, 1936, the city issued its trust indenture to a named trustee whereby it pledged all its income and revenue from its waterworks system to secure the payment of $6,590,000 of water revenue bonds, the greater part of which are still outstanding in the hands of investors; that by the terms of said trust indenture it is provided that, after setting aside sums for repairs, replacements and depreciation to cover costs of mainte-

nance and operation, all income and other funds of the plant shall be placed in the Water Revenue Bonds Fund and used solely for the purpose of paying principal and interest upon the bonds, issued and secured by the trust indenture; that no funds derived from the waterworks are to be used for any other purpose than operation, maintenance and payment of bonds; that all bonds and interest maturities have been paid, but bonds maturing from 1943 to 1976, inclusive, are outstanding and unpaid, and appellants cannot make gifts to charity until said bonds are retired; that the laws in force at the time of the execution of the trust indenture became a part of the indenture and no subsequent act can impair same; and that Act 288 of 1941 is unconstitutional in that it contravenes § 5, art. XII, of the constitution of this state and § 10, art. 1, constitution of the United States.

The case was submitted to the trial court upon stipulation as follows: "It is hereby agreed and stipulated that the trust indenture securing the bonds of the Little Rock Municipal Water Works provides in § 1 of art. III that certain rates therein set out shall be charged for water furnished by the waterworks system; that § 2 of said art. III provides, in part, as follows: '. . . provided, however, that if at any time after February 1, 1921, the moneys in the Water Revenue Bonds Fund shall equal or exceed the total amount required for making all principal and interest payments during the succeeding twelve months on account of the bonds issued under and secured by this indenture and then outstanding, such rates may be reduced by such percentage thereof that, on the basis of the average annual earnings of the waterworks system for the three fiscal years immediately preceding, such reduced rates will produce funds sufficient to provide for the payment of the bonds, both principal and interest, as the same fall due, and also sufficient to provide funds for depreciation and for operation and maintenance equal to the average annual expenditures for each of such purposes, etc.

" '. . . and provided further that the minimum rates which may be charged at any time while any of the bonds issued under and secured by this indenture shall

be outstanding, shall be and are hereby fixed at sixty-six and two-thirds per centum of the rates set forth in § 1 of this article.'

"It is further stipulated that in accordance with the above provisions of said trust indenture the water rates in the city of Little Rock were reduced in an average amount of approximately $75,000 per year, or an average rate reduction of about twelve per cent; that the gross reduction allowed under the trust indenture is 33 1/3% of the rates outstanding and in effect at the time of the execution of the trust indenture; that on March 31, 1942, the said Little Rock Municipal Water Works had on hand $315,055.06 in the bond reserve fund, meeting the full requirements of § 6, art. III, of said trust indenture. Section 9, art. III of said trust indenture requires that a fund equivalent to a full year's operation and maintenance cost must be on hand in this fund before any money from this fund may be transferred to the depreciation fund or the Water Revenue Bond Fund; that the full operating expenses for the year 1941 were $202,419.63; whereas the deposit in said maintenance and operation fund on March 31, 1942, was only $127,712.12 and that said fund is not, therefore, built up to the full requirements to entitle the transfer of any of said funds from it.

"There are no funds provided in said trust indenture for capital expenditures; that a great expansion of the plant has been necessary to meet the war needs; that said expense has been met by payments from the maintenance and operation fund which is the only fund available for said work; that since the taking over of said plant capital investments in expansion of the plant have been made as follows:

| | |
|---|---|
| "1936 | $ 12,706.51 |
| 1937 | 25,902.80 |
| 1938 | 22,716.07 |
| 1939 | 74,570.42 |
| 1940 | 112,933.52 |
| 1941 | 90,744.21. |

"During the current year the Little Rock Municipal Water Works has been engaged in the installation of an additional clear well at an estimated cost of approxi-

mately $100,000. Of this cost the United States will advance fifty per cent., but this sum added to the various and sundry other items necessary will cause a large capital expenditure for the year 1941, indicating that after all maintenance and operation, debt service charges, maturities and property expansion requirements are met the net income for the current year will be approximately $56,000; that this sum added to the present maintenance and operation fund will still leave said fund short of the amount necessary to permit transfers from said fund.''

Upon this state of facts the court rendered judgment against appellants for $1,350, from which is this appeal.

Act 288 of 1941, § 1, amends § 9583 of Pope's Digest and as amended it provides: ''It shall be unlawful for any city official or employee of any municipal corporation in this state to furnish or give to any person, concerns or corporations any property belonging to the said municipal corporation or service from any public utility owned or operated by said municipal corporation unless payment is made therefor to said municipal corporation at the usual and regular rates and in the usual manner, except as provided in § 9582; provided, however, that the Waterworks Commission of cities of the first class shall be authorized to make donations of money from the revenue of municipal waterworks systems to local Community Chests, or other city-wide non-sectarian, incorporated, charitable organizations.'' The only change made by the amendment was to add the proviso at the end of said section. Section 2. of said act amends § 10023 of the Digest and § 3 amends § 9584 of the Digest to the same effect. We think the act, although its purpose was laudable, was ineffective to authorize the city or the commissioners to make a binding subscription to appellee payable out of the waterworks revenues. These funds were pledged for the payment of the revenue bonds in the trust indenture, and the payment of such a pledge therefrom would be a diversion of the security and an impairment of the obligation. Certainly it could not be done without the amendatory act and we think the legislature was without power to authorize the impairment of the contract. It is no doubt true that there is and will be

ample revenue from the waterworks system, over and above the small pledge here involved, to pay all its obligations as they mature, but this fact cannot alter the situation. If appellants can make this donation, they could make a much larger one, and the statute is broad enough to authorize such pledges to many organizations now seeking contributions, such as the USO, the Navy Relief, and others. Section 9583, without the amendment, was the law in effect at the time of the execution of the trust indenture, and it is well settled that the law in effect at the date of the contract becomes a part of it, and that the law cannot thereafter be changed so as to alter the contractual rights of the parties thereto to their detriment. *Jacoway* v. *Denton*, 25 Ark. 625; *Brodie* v. *McCabe*, 33 Ark. 690; *Worthen* v. *Kavanaugh*, 295 U. S. 56, 55 Sup. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 905.

But, say appellees, appellants cannot raise the question; that only a bondholder or the trustee could do so. We cannot agree. We think both the city and the Waterworks Commission are under the duty to see that the terms of the trust indenture are not violated, § 7 of which provides: "The city covenants and agrees that so long as any of the bonds secured hereby are outstanding, none of the gross revenues of the waterworks system shall be used for any purpose other than as provided in this indenture, and that no contract or contracts will be entered into or any action taken by which the rights of the trustee or of the bondholders might be impaired or diminished."

Appellee cites and relies on the case of *Bourland* v. *Pollock*, 157 Ark. 538, 249 S. W. 360, but we think it has no application to the facts in this case, but does have a direct bearing on the companion case of *Neel* v. *City of Little Rock*, post, p. 568, 163 S. W. 2d 525.

We think appellants were without power to make the donation, and the judgment should be reversed and the cause dismissed. It is so ordered.