SWETMAN, et al. v. HARRISON COUNTY.

In Banc. Nov. 14, 1949. Suggestion of Error Overruled Jan. 23, 1950.

No. 37474 (42 So. (2d) 801)

**Thos. J. Wiltz,** for appellants.

Jo Drake Arrington, and Jacob D. Guice, for appellee.

**Alexander, J.**

Appellants are the Trustees of the Biloxi Municipal Separate School District. Suit was filed by the County of Harrison to remove the claim of such trustees and of the City of Biloxi as clouds upon the title of complainant.

The relevant facts are as follows: the land in question is a vacant lot within the limits of the municipality of Biloxi. It was purchased by the city on March 29, 1940. Payment in the sum of $2,500 therefor was made "from funds which had been allocated to the Biloxi Municipal Separate School District", according to the original bill. It is further alleged that on May 5, 1948, the City of Biloxi executed a deed thereto to the county. The recited consideration was set out as "One Dollar ($1.00) cash in hand paid . . . and the agreement by Harrison County, Mississippi, to erect, operate, and maintain on the hereinafter described property a modern up-to-date health clinic, and other good and valuable considerations . . . ". It is not shown that the "other considerations" went beyond a purpose to make available to the public by and with the anticipated assistance of the State and the United States, a public health clinic. It is alleged that the lot is separated by other property, from Howard No. 1 Primary School, and that it would be of benefit to the people of the city, including the

school children. Further, it is asserted that the property is not now, and has never been used for school purposes.

■■ The transfer of this property by the city can not be viewed otherwise than a donation. Regardless of its evident altruistic purpose and commendable resourcefulness, the city was without power to make such donation. Trowbridge v. Schmidt, 82 Miss. 475, 34 So. 84; Marshall v. City of Meridian, 103 Miss. 206, 60 So. 135; McQuellen, Mun. Corp'ns, (Rev.), Sec. 380. Compare Adams v. Helms, 95 Miss. 211, 48 So. 290; Brister v. Leflore County, 156 Miss. 240, 125 So. 816; Adams v. Jackson Electric Ry., Light & Power Co., 78 Miss. 887, 30 So. 858; Carothers v. Town of Booneville, 169 Miss. 511, 153 So. 670; First National Bank, etc. v. Walker County Board of Education, 243 Ala. 576, 11 So. (2d) 297; City of Little Rock v. Community Chest, etc., 204 Ark. 562, 163 S. W. (2d) 522, 142 A. L. R. 1072; Russell v. Tate, 52 Ark. 541, 13 S. W. 130, 7 L. R. A. 180, 20 Am. St. Rep. 193; Schneck v. City of Jeffersonville, 152 Ind. 204, 52 N. E. 212; 42 Am. Jur., Public Funds, Sec. 79; 47 id., Schools, Sec. 92. Rare exceptions do exist but special circumstances support them. Donations under legislative authority are beside the point. For example, Carothers v. Town of Booneville, supra; Albritton v. City of Winona, 181 Miss. 75, 198 So. 799, 115 A. L. R. 1436; Craig v. North Mississippi Community Hospital, Miss., 39 So. (2d) 523; American Oil Company v. Marion County, 187 Miss. 148, 192 So. 296.

■ We have not overlooked the implication of a transfer of property purchased for school purposes and with school funds. To explore the probable consequences of a resulting trust in favor of the school trustees would involve an interpretation of the clause "from funds which had been allocated to the . . . School District." This could imply funds appropriated from the general fund or the avails of a school levy or bonds. To resolve this question may be incidentally helpful to the trustees

in deciding they had such "title" to the property as required compliance with Chapter 404, Laws of 1946, Code Suppl., Sec. 6434-01, which prescribes the procedure for the sale of property no longer needed for school purposes. To do so, however, would be merely advisory. It is true that the school trustees undertook by resolution to assent to the transfer, but since, under either of two theories, that is, (1) the city had fee-simple title; or (2) the city held such land as trustee for the school district, the same result would be reached, namely that neither could make a donation thereof. Since the bill seeks only a removal of the cloud arising out of the status of the title claimed by the city and the school trustees, this is as far as we need proceed.

It was error, therefore, to confirm the title in the county. The bill ought to have been dismissed.

Reversed and decree here.

**Jo Drake Arrington** for appellee and **Satterfield, Ewing & Hedgepeth,** as amici curiae,