WALTER F. WEBBER, Secretary, State Bond Board
You have requested my opinion as to whether the amendment of sec. 18.09 (5), Stats. 1969, by sec. 44 of ch. 125, Laws of 1971, affects bond issues outstanding prior to the effective date of ch. 125, Laws of 1971, to wit, November 5, 1971.
Section 18.09 (5), Stats., 1969, reads in part as follows:
"There shall be transferred to each sinking fund a sum sufficient for the payment of the principal, interest and premium due, if any, on the bonds giving rise to it as the same falls due. Such transfers shall be so timed that there is at all times on hand in the sinking fund an amount not less than the aggregate amount of principal, interest and premium, if any, to be paid out of it during the ensuing 3 months. * * *"
The effect of the amendment was to change the three-month reserve to a fifteen-day reserve.
In your letter you note: *Page 94 
"The effect of this amendment is to delay the internal transfer of debt service funds for a period of 75 days thereby preserving the earning power of such funds to the State for that period."
Prior to addressing myself to the legal question involved, it would perhaps be advisable to briefly analyze the state statutory scheme involved in the payment of state debt.
This analysis will merely involve one state agency and one category of authorized debt.
The state universities* are given a sum-sufficient appropriation to reimburse sec. 20.866 (1)(u), Stats., for the payment of principal and interest costs in the financing of academic facilities by sec. 20.265 (1) (e), Stats.
Section 20.866, Stats., provides for a sum-sufficient appropriation to the Bond Security and Redemption Fund (sinking fund), and for a sum-sufficient appropriation to the State Bond Board from monies appropriated by sec. 20.265 (1) (e), Stats., for the payment of principal and interest on public debt.
Section 18.09 (1), Stats., creates the Bond Security and Redemption Fund (sinking fund) for each bond issue which is to be administered by the state treasurer.
In essence, these sections provide that, whenever the State Bond Board creates debt by issuing state bonds for a state university academic facility, a bond security and redemption fund, or sinking fund, must be created in the office of the state treasurer to secure the payment of the principal and interest on such bonds. The Board of Regents of State Universities is obligated to transfer to the state treasurer for deposit in the sinking fund sufficient monies to cover principal and interest payments that are to fall due within the next three months. While these funds are being held by the state treasurer, they may be invested pursuant to the provisions of sec. 25.17 (3) (dr), Stats. *Page 95 
Each bond instrument contains the following or similar language:
"This bond is issued under and pursuant to and in full compliance with the constitution and laws of the State of Wisconsin including particularly Chapter 18, Wisconsin Statutes, 1969, and pursuant to a resolution duly adopted by the State Bond Board of the State of Wisconsin * * *."
You are concerned as to whether this quoted language requires the state to maintain a three-month sinking fund reserve on all bonds issued prior to November 5, 1971. In other words, the issue may be stated as whether there would be an impairment of contract or obligation if the amendment were to be applied retroactively.
The quoted language from the bond is merely a recital attesting to the validity of the instrument which the issuers may be estopped to deny. 43 Am. Jur., sec. 197, et seq. However, it has been held that the law in force at the time and place of making a contract are a part of its obligation protected by constitutional provision from impairment. City of Little Rock, et al. v.Community Chest of Greater Little Rock (1942), 163 S.W.2d 522;Clark v. City of Philadelphia. et al. (1938), 196 A. 384.
Another way of stating the issue is whether the amendment, if applied retroactively, would lessen the likelihood of payment to the bondholders.
Under the statutory scheme previously described, it was noted that the three-month reserve could be invested pursuant to statutory provisions. Section 18.09, Stats., further provides that the "* * * earnings or income from such investments shall be credited to such fund." If the amendment were to be applied retroactively, the bondholders would lose 75 days of earnings, and, as noted in your letter, preserve this earning power to the state for that same period. This effect, in my opinion, lessens the likelihood of payment and would be an unconstitutional impairment of the obligations. 115 A.L.R. 212. Under the law, it is immaterial that as a matter of fact the bondholders are amply *Page 96 
protected by sum-sufficient appropriations and the full faith, credit and taxing power of the state. City of Little Rock, et al.v. Community Chest of Greater Little Rock, supra.
In conclusion, it is my opinion that the amendment of sec.18.09 (5), Stats., only applies to instruments of debt issued after its effective date, November 5, 1971, and to apply it retroactively would be unconstitutional.
RWW:CAB
* It is irrelevant in this discussion to consider ch. 100, Laws of 1971, the Merger Act.