SIPPEL, Respondent, vs. COUNTY OF FOND DU LAC, Appellant.

*September 18—October 14, 1924.*

*Courts: Municipal court of Fond du Lac county: Adjournment of court without adjournment of case: Jurisdiction: Trunk highways: Liability of county for defects.*

1. Under sec. 24, ch. 244, Laws 1921, relating to the municipal court of Fond du Lac county, unless a case pending before such court is adjourned to an hour, day, and place certain, and due entries made thereof, jurisdiction is lost; and where the court closed its docket and adjourned without adjourning the case it lost jurisdiction. p. 609.

2. Where a municipal court sustained a demurrer to a complaint in an action against the county because proper notice of injury as required by sub. (1), sec. 59.77, Stats. 1921, had not been given, and signed its dockets, and closed the case without taking any adjournment, its action did not bar the subsequent filing of a proper claim and the commencement of an action thereon after disallowance thereof. p. 609.

3. Under sub. 1 (a), (b), and (c), and sub. 5, sec. 1317, Stats. 1921, a county must keep in good repair a trunk highway which it has taken over, and it and not the town is liable for injuries occasioned by defects therein. p. 611.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed*.

An action for damages to plaintiff by reason of a defective highway in the town of Forest, Fond du Lac county. The case was tried without a jury in the municipal court of said county, where the plaintiff had judgment. From that judgment appeal was taken to the circuit court, and the judgment was affirmed by the circuit court. From the judgment of the circuit court defendant appeals to this court and assigns as errors (1) that the court erred in finding that the highway referred to is a county highway, as contrary to the evidence; (2) the court erred in finding that the highway was insufficient and in want of repair; (3) the court erred in finding that the plaintiff was driving with due care along said highway; (4) the court erred in finding that the insufficiency of said highway was the sole cause of damage; (5) the court erred in finding that the trial court lost jurisdiction of the first action begun.

*James Murray,* district attorney of Fond du Lac county, for the appellant.

For the respondent there was a brief by *Gooding, Keck & Gooding* of Fond du Lac, and oral argument by *C. P. Keck*.

CROWNHART, J.    The evidence in this case has been examined with care, and the court has come to the conclusion that it presented to the trial court questions of fact as to the negligence of the county and the contributory negligence of the plaintiff, and that the findings of the trial court cannot be disturbed with reference thereto. It will not be useful to review the evidence on these points.

The questions of law presented are not difficult. Defendant contends that the action should have been dismissed on its motion because a prior action was then pending in the same cause. Plaintiff filed a notice of injury with the

county clerk, which did not comply with sub. (1), sec. 59.77, Stats. 1921, requiring an itemized and verified bill to be filed with the county clerk before an action can be commenced against the county. He then began an action in the municipal court, and to his complaint the defendant demurred, which demurrer was sustained. The court thereupon signed its dockets and closed the case without taking any adjournment.

The practice of the municipal court of Fond du Lac county is regulated by sec. 24, ch. 244, Laws 1921, and is the same as in courts of justices of the peace. Unless a case pending before it is adjourned to an hour, day, and place certain, and due entries on the docket made thereof, the court loses jurisdiction. *Brown v. Kellogg,* 17 Wis. 475; *Crandall v. Bacon,* 20 Wis. 639; *Grace v. Mitchell,* 31 Wis. 533. The court having closed its docket and adjourned without adjourning the case, as provided by law, it lost jurisdiction to proceed further and the case was at an end.

It appears from the evidence without contradiction that the decision of the court sustaining the demurrer was based upon the fact that no itemized claim had been verified and filed with the county clerk. It is clear that the prior action in the municipal court and the action thereon of the trial judge did not leave any case pending in that court, and it did not constitute a bar to the subsequent filing of a proper claim with the county board and the commencement of an action thereon after disallowance thereof.

The highway in question was known as county trunk "G," and was taken over by the county for maintenance and improvement some two years prior to the accident in issue, and thereafter the care of said highway, except from November 1st to April 1st, was under the exclusive jurisdiction of the county. The county during such time maintained a patrol system and did all the work on the highway to keep it in repair. It had a patrolman on the highway when and where the accident happened.

Sub. 1 (a), sec. 1317, Stats. 1921, provides:

"On and after May 1, 1918, each county shall adequately maintain the whole of the trunk system lying within the county in accordance with the directions, specifications, and regulations made for such maintenance by the commission. . . ."

The testimony discloses that this highway was part of the trunk system.

Sub. 1 (b), sec. 1317, provides:

"Said maintenance shall include the maintenance of the portion of the trunk system improved under the provisions of either the state aid or federal aid laws, as well as of those portions of said system as yet unimproved under either law."

The highway had not as yet been improved under the federal or state aid system, but it had been taken over for such purpose pursuant to a bond issue voted by the county.

Sub. 1 (c), sec. 1317, provides:

"The counties shall not be required to extensively reconstruct unimproved highways pending their construction or reconstruction under the provisions of either the state aid or federal aid laws, but they shall be maintained in reasonably good condition considering their condition as to grading, drainage and surfacing at the time they were included in the trunk system."

It will be observed that the duty devolved upon the county to keep the highway in good repair.

Sub. 5, sec. 1317, provides:

"Claims for damages which may be due to the insufficiency or lack of repair of the trunk system shall be against the county, and sections 1339, 1340, and 1340a of the statutes shall apply to such claims. Except that when any town, city or village, or public service corporation, shall have in their construction or maintenance of a public utility or other public service property, or of a road or street, made a portion of the trunk system unsafe or dangerous for public

travel, the town, village or city, or public service corporation responsible shall be liable for and shall defend such claims for damages."

Thus it is seen that claims for damages because of defects due to lack of repair are to be made against the county, and the town is only liable under this section when it shall have encroached upon the trunk highway in the course of its maintenance or construction of a road or street under its jurisdiction and made such trunk highway unsafe or dangerous.

The statute also provides that the county shall not be required to keep the highways free from snow during any winter season, but that duty devolves upon the town. Sub. 6 (b), sec. 1317.

There can be no doubt, from a careful reading of the statutes, but that the liability for failure to keep the highway in question in repair was upon the county and not upon the town.

*By the Court.*—The judgment of the circuit court is affirmed.