(117 So. 633)

**HELMS v. HOUSTON COUNTY.**
(4 Div. 367.)

Supreme Court of Alabama. June 28, 1928.

H. R. McClintock, of Dothan, for appellant.

O. L. Tompkins, of Dothan, for appellee.

BROWN, J. The plaintiff's intestate, while driving a wagon on a public highway, was killed by "a dead or dangerous tree" falling across the highway and striking him, and the complaint alleges:

"That the proximate cause of the death of her said intestate was the wrongful act, omission, and negligence of the board of revenue of Houston county, Ala., in not having said dead and dangerous tree cut down, and thereby making said public highway safe for travel."

The demurrers to the complaint, taking the point that the complaint does not state a cause of action against the defendant, were sustained, and because of this ruling the plaintiff took a nonsuit, and appealed.

Section 1347, Code of 1923, giving courts of county commissioners, boards of revenue, or other like governing bodies of counties, general superintendence over public roads and bridges within their respective counties, "so as to render travel over the same as safe and convenient as practicable," does not expressly impose liability on the county for damages resulting from the unskillful or negligent manner in which the duties therein imposed are performed, and we have no statute that makes it the duty of the county or its governing board to remove dead or dangerous trees that are liable to fall across a highway, making the county liable for a negligent failure of its governing board to do so. In the absence of such statute the county is not liable. Askew v. Hale County, 54 Ala. 639, 25 Am. St. Rep. 730; Barbour County v. Reeves, 217 Ala. 415, 116 So. 119.

This will indicate that we are not of opinion that the court erred in sustaining the demurrers to the complaint.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.