JOSEPH L. FRANEK, APPELLANT, v. BUTLER COUNTY, APPELLEE.

FILED NOVEMBER 16, 1934. No. 28917.

*J. J. Krajicek, John G. Tomek* and *Phillip A. Tomek,* for appellant.

*J. C. Hranac, Coufal & Shaw* and *Ray E. Sabata, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

ROSE, J.

This is an action to recover from Butler county $10,000 in damages for alleged negligence in removing the covering from a culvert approximately eight feet wide and three feet deep across the Loma highway and in leaving the roadway and the channel of the culvert open at night without barricades, lights or other sufficient warning of danger. Plaintiff was injured about 9 o'clock p. m. July

11, 1931, when an automobile in which he was a passenger was driven by Leo Hollinger into an open culvert on the Loma highway. The petition alleged that the driver and plaintiff exercised due care and caution and that the latter's injuries were caused by the negligence of Butler county. The negligence charged by plaintiff was denied in an answer to the petition, but the action was defended principally on the theory that Butler county was under township organization and therefore not liable for any negligent defect in the Loma highway, because not made so by statute, since it was not a state or a federal highway nor a part of the county road system.

The cause was tried to a jury and at the close of plaintiff's evidence the trial court directed a verdict in favor of Butler county. From a dismissal of the action plaintiff appealed. Upon a review of the record the judgment was affirmed, the former rulings on appeal being as follows:

"At common law counties are not liable for damages for injuries arising out of defects in roads or bridges.

"Counties under township organization are not liable for damages for injuries arising out of defects in a road or bridge, unless (1) the particular road has been designated as a county road or (2) the bridge passes over a stream." *Franek v. Butler County,* 126 Neb. 797. A further hearing was granted on motion of plaintiff and the questions presented by the record were reargued and reconsidered.

The Loma highway is on a section line. It had been open to and used by the public generally for more than ten years. It is, therefore, a public highway authorized by statute. Comp. St. 1929, sec. 39-103. It is in Butler county, which let a contract under which the Loma highway was graded and otherwise repaired. The accident occurred in the course of the improvement. On the issue of the county's negligence in leaving the roadway and the culvert open at night without barricades or lights or other sufficient notice or warning of danger, plaintiff made a *prima facie* case for the recovery of damages. The question for reconsideration upon the reargument, therefore, is

whether the statutes of the state authorize a recovery for damages resulting from such negligence.

A county is a political subdivision of the state, having subordinate powers of sovereignty conferred by the legislature for the purposes of local administration, and consequently is not liable at common law for negligence in improving a public highway. The former opinion herein properly so held. *Franek v. Butler County*, 126 Neb. 797. To change the common law in this respect the legislature in 1889 enacted a law containing in part the following provision:

"If special damage happens to any person, his team, carriage, or other property, by means of insufficiency or want of repairs of a highway or bridge which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county." Laws 1889, ch. 7, sec. 4, Comp. St. 1929, sec. 39-832.

This is now the law. When enacted it applied alike to all counties. No distinction in the statute itself was made between counties. Sovereign immunity from liability for negligence in improving public highways was taken away without recognition of different forms of county government.

According to the *prima facie* case made by plaintiff, Butler county entered into a contract for the improvement of the Loma highway and by negligence in leaving the roadway and culvert open at night without sufficient warning caused the injuries for which plaintiff seeks damages. As already shown, sovereign immunity from such liability was removed in 1889. What is now the defense? It is that the Loma highway was never designated a "county road" and therefore is not one which Butler county is "liable to keep in repair," within the meaning of the statute abrogating common-law immunity from negligence. Butler county had statutory power to improve the Loma highway by designating it a "county road," by contracting for the improvement, and by making necessary

repairs. Comp. St. 1929, secs. 39-227, 39-228, 39-229, 39-212. It exercised power to improve the Loma highway. It entered into a contract for that purpose. It superseded the townships in authority. It graded, excavated and made other improvements. After it assumed control under statutory power, responsibility for the public improvement and liability to individuals for negligence resulting in damages did not continue in or shift to townships or oscillate between county and townships. Liability followed the exercise of power and the superseding of the townships. *Goes v. Gage County*, 67 Neb. 616, wherein it was held that the duty to repair ordinary roads and resulting liability for negligence were imposed on townships in counties under township organization, and not on such counties, does not control the present case, owing to changes in statutes. The legislature intended to place duty and liability in a single political body for public purposes. The county was a unit with power to supersede the townships in authority. When the townships were superseded by the county it was the latter's duty to keep the Loma road in repair for public travel. When the county entered into the contract and proceeded thereunder, the Loma highway was one which the county was "liable to keep in repair," within the meaning of the act of 1889, making a county liable in damages for negligence. This seems to be the better interpretation of all the statutes relating to the entire subject. Butler county, by failing to designate the Loma road a "county road" before proceeding to improve it, did not escape responsibility for negligence. Having reached this conclusion, the former syllabus and that part of the opinion containing the ruling that counties under township organization are not liable for damages arising out of defects in a road not designated as a "county road" are withdrawn. The judgment of dismissal is reversed and the cause remanded for further proceedings.

REVERSED.

GOSS, C. J., and GOOD, J., dissent.