11 So.2d 297

### FIRST NAT. BANK OF BIRMINGHAM v. WALKER COUNTY BOARD OF EDUCATION et al.

#### 6 Div. 100.

Supreme Court of Alabama.

Jan. 7, 1943.

Wm. N. McQueen, Atty. Gen., Jas. F. Matthews, Asst. Atty. Gen., and Curtis & Maddox, of Jasper, for appellees.

FOSTER, Justice.

Both appellant and appellee agree that the only question presented on this appeal

Chas. R. Wiggins, of Jasper, for appellant.

is whether the Local Act of September 1, 1939, Local Acts 1939, page 196, is constitutional and effective according to its provisions. We will respond to that inquiry.

It purports to require the County Board of Education of Walker County to assume and pay certain described bonds of the town of Cordova, in Walker County, Alabama, issued in lieu of other bonds which had been outstanding. The latter bonds it was declared in the Act had been sold, and the proceeds used in the construction of a public school building in the town of Cordova, which building and lot, it was also declared in the Act, had been conveyed by the town to Walker County Board of Education (said in argument to have been conveyed to the State), and was then (at the date of the Act) used as a part of the public school system of Walker County. The schools in Cordova were apparently under the jurisdiction of the county board. See sections 62 and 148, Title 52, Code of 1940. In section 2 of the Act, the Board of Education is required to issue its warrants with interest at four per cent. in the same number and amounts, respectively, as the bonds bear, and with the same dates of maturity, and payable out of the funds of the Board of Education; that the warrants shall be issued and offered in exchange for the bonds.

The board had agreed to assume $14,560 of the original bond issue of $27,500, and designated it a "floating debt," and with the approval of the State Superintendent of Education had issued its time warrants for that sum, alleged to be as authorized by the Act of April 6, 1936, Gen.Acts 1936, Ex.Sess., page 58, and the Act of February 4, 1937, Gen.Acts 1936–1937, Sp. Sess., page 36, because it was said to be "outstanding on September 30, 1935." This was the only theory on which the board could issue its warrants for any of such sum by express power of the Act of 1937, supra, as a floating debt. In so doing, the county board resolved that it shall constitute a full acquittance of all floating indebtedness in this connection.

The town refunded the balance of the debt by the issuance of bonds maturing over the period from September 1, 1938, to September 1, 1964. The ordinance of the town council authorizing their issue contained a preamble which declared that the said warrants of the county board shall forever relieve it of any and all obligations with respect to the payment of the

principal and interest of the bonds thereby authorized, and which the Act of 1939, supra, fastened upon the board, notwithstanding such express agreement.

The petition in this cause is for a mandamus to require the board to comply with the Act of 1939, supra, by issuing to petitioners warrants in exchange for some of the refunding bonds which petitioner holds. It alleges that the entire original issue was $27,500, and the proceeds of their sale were used as we have stated. Thereafter when they matured the town petitioned the board to assume and pay them, then amounting to the principal sum of $26,500. As a result of that petition the board assumed a part of them in the manner we have stated. The Act of 1939, supra, followed, which requires the board to assume all the balance.

A demurrer to the petition for mandamus was sustained, thereby causing petitioner to take a nonsuit to review the ruling.

The contention of the board was successful in the trial court to the effect that to be required to assume the balance of said bonded indebtedness of the town, and to issue warrants payable out of the school funds generally, is an unconstitutional appropriation of school funds raised by the Constitution for school purposes, and that there is no legal or moral obligation on the part of the board sufficient to justify an appropriation of its funds so raised.

Appellant seeks to justify the act on the theory that the county board received the full amount of the proceeds of the bonds, and used them in erecting a school building for local school purposes, and that to refund the amount of the sum so received is (1) no more than an adjustment of school funds within the power of the legislature, and not a diversion for other purposes than those of school needs; and (2) that it is in payment of a moral obligation.

Reliance is had for the second theory above on a line of our cases holding that the legislature can constitutionally appropriate public funds, State, county and city for the discharge of a moral duty, even though there is no legal duty. Board of Revenue v. Puckett, 227 Ala. 374, 149 So. 850; Cullman County v. Blount County, 160 Ala. 319, 49 So. 315, 18 Ann.Cas. 322; Moses v. Tigner, 232 Ala. 457, 168 So. 194; Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781; Alldredge v. Dunlap, 240 Ala. 27, 197 So. 36; Hawkins v. State

Board of Adjustment, 242 Ala. 547, 7 So. 2d 775.

It is also pointed out that county school funds are State funds subject to State control, and to be expended only by authority of the State. Montgomery v. State, 228 Ala. 296, 153 So. 394.

We took occasion to observe in Webb v. McGowin, 232 Ala. 374, 168 So. 199, in effect, that the above cited cases do not justify such a use of public funds to compensate one for some nice ethical obligation, so as to perform a courteous or generous act, but that the moral obligation to sustain such an appropriation must be to satisfy a just claim for financial aid which in good faith and good morals ought to be paid, but for which there is no legal liability or obligation.

■ To enlarge upon that it is said to exist "under circumstances where in fairness the state might be asked to respond —where something more than a mere gratuity was involved." People v. Westchester National Bank, 231 N.Y. 465, 132 N.E. 241, 245, 15 A.L.R. 1344; see, also, Fairfield v. Huntington, 23 Ariz. 528, 205 P. 814, 22 A.L.R. 1438.

■ Whether there was ever such an obligation on the part of the board to refund an amount which was donated by the town is not now the question. The town had the legal right to make the donation without exacting any obligation to return it. Carey v. City of Haleyville, 230 Ala. 401, 161 So. 496; Johnson v. Sheffield, 236 Ala. 411, 183 So. 265; section 276, Title 37, Code of 1940. That was done.

But such obligation which could be claimed was satisfied, and described as a floating debt when the board assumed $14,-560 of the bonds with an express agreement that no further obligation in that connection should continue. That was a complete accord and satisfaction of any such claim of legal or moral obligation. Thereafter, there was no just foundation for the claim of a moral obligation to pay the balance of the bonds of the town.

■ We do not think appellant can justify the Act of 1939 on that contention.

But appellant contends that this principle does not apply because the legislature has the right to allocate public funds from one public State agency to another, and that in doing so it is for a public purpose, and not like a donation to a private person or enterprise, prohibited by sections 23 and 94, Constitution.

■ However true may be that contention, as a general principle, it does not justify the diversion of funds raised by constitutional authority for a certain public purpose to some other purpose though that may also be public in its nature. For money raised by local taxation authorized by the Constitution for local school purposes cannot be diverted to any other purpose. See Pickens County v. Williams, 229 Ala. 250(3), 156 So. 548.

The Act of 1939, supra, makes the warrants payable "out of any funds in the hands of the Walker County Board of Education." So that their payment is not limited to such funds as the legislature may by act supply, by authority of section 260, Constitution, over and above the school tax there prescribed, or from the special educational trust fund. But it includes school funds in the hands of the board raised by local school taxes, authorized by the Constitution, devoted to school purposes. Sections 256, 257, 258, 259, 260, 269, and amendment number 3 to the Constitution.

■ Under the circumstances here shown an appropriation of such funds to the payment of a debt of the town as here described is not a use of the funds for school purposes, but is an unconstitutional diversion to another purpose.

For reasons which we have stated, we think the demurrer was properly sustained.

Affirmed.

All the Justices concur, except LAWSON, J., not sitting.