22 So.2d 377

**STATE BOARD OF ADJUSTMENT et al.**
**v. LACKS.**

3 Div. 428.

Supreme Court of Alabama.
April 12, 1945.

Rehearing Denied June 14, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., and Files Crenshaw, Sp. Atty., of Montgomery, for Board of Adjustment.

John A. Lusk, Jr., of Gadsden, and Fred S. Ball, Jr., of Montgomery, for appellees.

FOSTER, Justice.

The first two features of § 334, Title 55, Code 1940, which fixes the jurisdiction of the Board of Adjustment of Alabama are here quoted as follows: "The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider all claims for damages to the person or property * * * by the State of Alabama or any of its agencies, commissions, boards, institutions or departments; also, all claims for personal injuries or death of any employee of the State of Alabama, or any of its agencies, commissions, boards, institutions or departments arising out of the course of his employment, or sustained while engaged in the business of the State of Alabama or any of its agencies, commissions, boards, institutions or departments."

Appellee claims under the first of them for injuries received from the explosion of dynamite which he, a small child, ignorant of its danger, picked up off a highway and cast into the fire. It is alleged that Etowah County, acting by and through its road crew, had been constructing, building and maintaining its public roads such as were not maintained by the State Highway Department, and in doing so used dynamite for blasting purposes. It does not allege precisely that the employees of the county negligently or wrongfully left the dynamite in such position as to anticipate that a child would so act.

The board declined to act on the claim, holding it to be outside the scope of its powers under section 334, Title 55, supra.

The question is not whether the facts alleged justify its allowance, but whether they justify its consideration by the board as being within its jurisdiction. The effort here is not to require its allowance, but to require its consideration. That depends upon whether the statute confers jurisdiction on the board for the consideration of a claim for damages resulting from a personal injury to one not an employee of the State or any of its agencies, commissions, boards, institutions or departments, caused by a county acting by and through its road crew engaged as above stated.

The second feature of section 334, as we have above quoted it, is apparently in the nature of a workman's compensation law for State employees. This is limited by the last sentence in the statute so as not to include employees of municipalities, counties and governmental relief agencies, and so that the term "employee" used in the statute shall not relate to them. It is of course clear that such an employee is not included in the workmen's compensation feature of it. So we come to the question of whether it means to include in the jurisdiction of the board a member of the public injured by a county employee engaged as we have stated.

In the case of Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775, 776, we expressed the view that "subject to certain restrictions" not there applicable, jurisdiction was conferred in all instances when an injury was caused by any State agency while engaged in governmental functions so as to be immune from suit on that sort of claim.

Section 334, supra, also excludes other transactions which have no reference to the two features we have quoted.

We had in mind the exception at the end of the statute, as well as the other restrictions, when in drafting the opinion in the Hawkins case, supra, we referred to "certain restrictions" not there applicable. The agency there involved was a county board of education, and not included in the exclusion to which we have referred.

It is insisted by appellee that a county is a State agency, set up as an involuntary quasi corporation, not subject to suit on such a claim because it is engaged in a governmental function in building and maintaining roads, and therefore the claim is included in section 334, supra, as interpreted in the Hawkins case, supra, and in State ex rel. McQueen v. Brandon, 344 Ala. 62, 12 So.2d 319. The latter case refers to a city board of education, and places it in the same status under this statute.

When a member of the public has a claim for damages to his person or property, mentioned in the first feature of section 334, supra, caused by the State or any of its agencies, commissions, boards, institutions or departments, the damage must necessarily have been caused by an officer or employee of the State, or one of its agencies, in the line and scope of his employment. While that clause does not mention employees, the damages could not be caused by the State or one of its agencies in any other manner. This being well known, it was not necessary so to state in express terms. That is the legal import of what is expressed.

The second feature of the statute being solely for the benefit of employees of the State or any of its agencies, it was necessary to state in express terms that it is for their benefit. When the last clause of section 334, supra, excludes from consideration as employees of the State or any of its agencies those of municipalities, counties or government relief agencies, there was no limitation on the extent of that exclusion. It meant we think that the board should not have jurisdiction of claims for damages caused *by* such employees as well as claims for damages caused *to* such employees. And since appellee's claim is founded on the conduct and acts of county employees, it is within the exclusion, and the board has no jurisdiction to entertain the petition.

The result is that the judgment of the circuit court granting the writ of mandamus and ordering the board to consider the claim cannot be approved by us, but it is reversed and one here rendered denying the writ and dismissing the petition.

Reversed and rendered.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.