32 So.2d 216

STATE ex rel. A. A. CARMICHAEL, Atty. Gen., et al. v. STATE BOARD OF ADJUSTMENT et al.

3 Div. 478.

Supreme Court of Alabama.
Oct. 16, 1947.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for appellant.

Files Crenshaw, Sp. Atty. for State Board of Adjustment, Robert Luther Ingalls and Walter J. Knabe, all of Montgomery, for claimant-appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining demurrers to a bill of complaint. The case involves the power of the State Board of Adjustment to reconsider a claim previously denied by the board. The facts as disclosed by the bill of complaint are as follows:

On February 1, 1946, James Adams, Willie Kemp, Robert Belser and Walter Joseph filed with the State Board of Adjustment their respective claims for damages against the State of Alabama. On March 19, 1946, Ollis Rainge also filed his claim. These claims grew out of a collision on September 29, 1945, between the car in which they were riding and an automobile owned by the state which was being driven at the time of the accident by Vincent J. Petruzzelli. At the time of the accident the car owned by the state was in the custody of Robert Moore, an employee of the State of Alabama.

On July 19, 1946, the State Board of Adjustment heard and considered these claims with the result that on that date orders were entered denying the claims. Thereupon the claimants filed suits in the Circuit Court of Montgomery County against Robert Moore and Vincent J. Petruzzelli and on October 28, 1946, the case of Ollis Rainge v. Robert Moore and Vincent J. Petruzzelli was tried, resulting in a judgment for the plaintiff for $750. The other cases are still pending in the Circuit Court of Montgomery County.

On November 8, 1946, each of the claimants filed a petition with the State Board of Adjustment requesting that their claims be reopened and reconsidered by the Board. The basis of the petition is that on the trial of the foregoing case in the Circuit Court of Montgomery County the testimony of Robert Moore showed that at the time of the accident he was using the car on State business and had asked Vincent J. Petruzzelli to drive as his agent or employee because of his own tired condition. Construing the allegations of the bill against the pleader, we think it fairly appears that the claims had been denied by the State Board of Adjustment on the idea

that Robert Moore was not on State Business at the time of the accident.

On December 2, 1946, the State Board of Adjustment reopened and reconsidered the claims and made awards to each of the claimants. Thereafter this suit was instituted against the members who comprise the State Board of Adjustment, John Graves as Comptroller, and the respective claimants to enjoin payment of the awards.

It will be noted that the State Board of Adjustment reopened these claims about four and one-half months after their denial and then made the aforesaid awards. Section 337, Title 55, Code of 1940, authorizes the board to "adopt such rules of evidence and procedure as it may deem necessary or proper, not inconsistent with the provisions of this article." One of its rules is that "all claims shall be finally passed upon at regular or special sessions of the Board". It is seriously insisted that the State Board of Adjustment had no power under the statute or under its rules to reopen and reconsider its orders denying the aforesaid claims.

▪ We believe that the argument misconceives the power and function of the State Board of Adjustment. This board is not in the nature of a court to adjudicate disputes between individuals and the state. In fact, if it undertook to do so, its actions would be void since no suit can be instituted against the state. Dunn Const. Co. v. State Board of Adjustment et al., 234 Ala. 372, 175 So. 383; John E. Ballenger Const. Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387; § 14, Constitution of Alabama. Rather its duty derived from the statutes, § 334 et seq., Title 55, Code of 1940, is to ascertain the persons who should be included in an appropriation, which the legislature has made, to reimburse persons injured by the negligence, etc., of state agencies. By so doing the legislature is relieved of the burden of relief bills and a moral or legal duty claimed to rest on the state, § 334, Title 55, Code of 1940, is fulfilled. Authorities supra. So to carry out its statutory purpose the State Board of Adjustment is "a fact finding body, with administrative and quasi-judicial powers in the administration of funds appropriated

for such relief purposes." Dunn Const. Co. v. State Board of Adjustment, supra [234 Ala. 372, 175 So. 386].

▪ In view of the duty of the State Board of Adjustment to ascertain those persons who "in law, justice or good morals", § 344, Title 55, Code of 1940, should have reimbursement for their claims out of a fund appropriated for that purpose, the purpose of the statute should not be defeated by denial of an allowable claim which in good conscience should be paid. If a just and proper claim has been denied, the State Board of Adjustment necessarily has the power to revoke its order and make the award because the appropriation stands ready and awaiting the claimant who is entitled to it in "law, justice or good morals". The power to review on proper charges of newly discovered evidence while the fund is still under its administrative control is of the essence of the authority granted the State Board of Adjustment under the statutes. 42 Am. Jur. pp. 537, 538. See Lane v. United States, 241 U.S. 201, 36 S.Ct. 599, 60 L.Ed. 956. So far as time is concerned three years is allowed for bills of review for newly discovered evidence. Alexander v. Alexander, 230 Ala. 170, 160 So. 343; Equity Rule 66, Title 7 Appendix, Code of 1940. By analogy claimants were well within their rights in filing their petitions for reconsideration.

▪ It is claimed that the rule adopted by the State Board of Adjustment that "all claims shall be finally passed upon at regular or special sessions of the Board" is a bar to reconsideration. We do not agree because this would be contrary to the purpose of the statute as we have tried to show. The board cannot make a rule which will defeat the purpose of the statute. State Board of Adjustment v. Sossaman, 231 Ala. 520, 165 So. 761. By using the word "finally" in its rule, we think the board merely meant to assume an authority which it has under the statute, that is to require that its order allowing or denying a claim, be made only at a regular or special session of the board.

▪ While a judgment has been recovered by Ollis Rainge in the circuit court,

there is nothing to show its payment and accordingly such judgment does not prohibit allowance of the claim by the State Board of Adjustment.

■ Section 335, Title 55, Code of 1940, providing that "all claims must be presented to the board of adjustment within one year after the cause of action accrues" presents no defense to the allowance of the present claims by the board because these claims were presented within the required time. Their reconsideration after denial does not change the situation.

■ Finally it does not seem to us that the appropriation of $50,000 a year for payment of awards, § 343, Title 55, Code of 1940, is any impediment to the allowance of claims, previously denied. When the award is made, its amount will be included in the appropriation made for the year during which it is allowed.

The lower court acted correctly in sustaining the demurrer to the bill of complaint.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.