36 So.2d 530

**ALABAMA ELECTRIC COOPERATIVE, Inc., et al. v. ALABAMA POWER CO.**

3 Div. 496.

Supreme Court of Alabama.

July 31, 1948.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., and Marion Rushton, J. M. Williams, Jr., and Rushton, Stakely, & Johnston, all of Montgomery, for appellants.

176

Steiner, Crum & Weil, of Montgomery, Powell, Albritton & Albritton and Robt. B. Albritton, all of Andalusia, Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, and Edwin I. Hatch, of Montgomery, for appellee.

SIMPSON, Justice.

This is a companion case of Alabama Electric Cooperative, Inc., v. Alabama Power Company, post, p. 190, 36 So.2d 523. Facts necessary to an understanding of this case are here reported.

This appeal is from a final judgment of the circuit court of Montgomery County issuing a writ of prohibition to W. H. Drinkard, as Director of the Department of Finance of the State of Alabama, restraining that official from undertaking, ex mero motu, a rehearing in the matter of the petition of Alabama Electric Cooperative, Inc., requesting consent of the Department of Finance to issue and deliver to the United States of America its notes in the aggregate principal amount of $5,516,600. § 155, Title 55, Code 1940. Several days previous to the issuance of the rule nisi herein, the Chief of the Division of Local Finance of the Department of Finance, after a hearing of the matter, had entered an order denying the petition of the Cooperative.

The above-noted case determined two pertinent questions:

1. That the Chief of the Division of Local Finance of the Department of Finance, after taking jurisdiction of the matter, had concurrent, coordinate, and co-equal authority with the Director of Finance in determining the propriety, vel non, of granting the consent of the Department of Finance to issue the notes in question and that, once his jurisdiction had attached, the Director of Finance was without power to intervene and supersede this other state officer's prerogative.

2. That, under said § 155, necessitating the consent of the Department of Finance as a prerequisite to the issuance of said notes, the investigation of facts either by

the Director or the Chief of the Local Division, as a basis of official action was not a mere ministerial duty but invoked the ·exercise of judgment or discretion— the usual test by which to determine whether an act is ministerial or judicial; ·and that "within the class of quasi judicial acts must fall the decision as to whether or not the consent of the Department of Finance should be granted to. the applicant." Alabama Electric Cooperative, Inc., v. Alabama Power Company, supra, post, p. 195, 36 So.2d 527.

Having thus concluded, it becomes manifest that Drinkard, as the Director, was without power or authority to order a rehearing in the case. Other reasons aside, the statute makes no provision for a rehearing, nor have any rules to that end been promulgated by the Department pursuant to any statutory authority. The order of the Chief of the Division of Local Finance was a final order in the matter after a full hearing of all the evidence bearing on the issue, and such order, not shown to have been capricious, arbitrary, fraudulent, or otherwise infected with illegality, must stand. Alabama Electric Co-operative, Inc., et al. v. Alabama Power Company, supra.

We think it fairly well settled by well reasoned authority that in the absence of proper statutory provisions, the determination by an administrative agency acting in a quasi judicial capacity as to the existence of a status rested upon a present or past set of facts cannot thereafter be altered or modified. The officer upon whom the power is conferred does not act in a purely political or administrative capacity, but of necessity acts in a judicial capacity and the procedure before him is of a quasi judicial nature. An existing final judgment or order rendered upon the merits, without arbitrariness, fraud, or collusion, by such a tribunal with competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties, as to that tribunal, and without duly adopted rules under competent statutory authority to that end, or unless the statute authorizes a rehearing or reconsideration, any such order would be coram non judice. Olive Proration Program, etc., v. Agricul-

tural Prorate Commission, 17 Cal.2d 204, 109 P.2d 918, 921; People ex rel. Chase v. Wemple, 144 N.Y. 478, 39 N.E. 397, 398; Lilienthal v. City of Wyandotte, 286 Mich. 604, 282 N.W. 837, 842, 843; Muncy v. Hughes, 265 Ky. 588, 97 S.W.2d 546, 549; Cress v. State, 198 Ind. 323, 152 N.E. 822, 826; Martilla v. Quincy Mining Co., 221 Mich. 525, 191 N.W. 193, 30 A.L.R. 1249; Aylward v. State Board of Examiners, Cal.App., 172 P.2d 903, 908; Little v. Board of Adjustment, 195 N.C. 793, 143 S.E. 827, 828; General Motors Acceptance Corporation v. Eaton, ·24 Ala.App. 533, 534, 137 So. 780; Watkins v. Mississippi State Board of Pharmacy, 170 Miss. 26, 154 So. 277(2).

Apposite is the statement in the California Olive Proration Program case, supra, 109 P.2d 921, to wit:

"Where orders which relate to what may be rather broadly defined as individual rights are concerned, the question whether the administrative agency may reverse a particular determination depends upon the kind of power exercised in making the order and the terms of the statute under which the power was exercised. As to the first factor, almost without exception, courts have held that the determination of an administrative agency as to the existence of a fact or status which is based upon a present or past group of facts, may not thereafter be altered or modified. Muncy v. Hughes, 265 Ky. 588, 97 S.W.2d 546; Little v. Board of Adjustment, 195 N.C. 793, 143 S.E. 827; Lilienthal v. City of Wyandotte, 286 Mich. 604, 282 N.W. 837. As concisely stated by the New York Court of Appeals, 'officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them.' People ex rel. Chase v. Wemple, 144 N.Y. 478, 39 N.E. 397, 398. But if it is clear that the legislature intended that the agency should exercise a continuing jurisdiction with power to modify or alter its orders to conform to changing conditions, the doctrine of res. judicata is not applicable. The determination depends upon the provisions of the particular statute.

"The orders here challenged were made in a proceeding authorized by the Agricultural Proration Act, supra, as a means

whereby persons in an industry may exercise the rights given to them, as a group, to control the proration of their products. The statute contains no provisions in express terms giving the commission authority to change its considered determination, made after a full hearing, * * * And since all administrative action must be grounded in statutory authority, in the absence of a provision allowing a commission to change its determination, courts have usually denied the right so to do."

The soundness of our conclusion, we think, is rested on common sense and plain logic. If the power to grant a rehearing were to be admitted, what procedure would govern its exercise? Within what time would· it have to be exercised and how many times could it be exercised? On what terms and for what reasons could or should such a rehearing be granted? Could the incumbent officer, or one subsequent, reopen and reconsider the order then thought to be final, and if such a reconsideration could be had could the department reconsider an order having the opposite effect, thus retroactively affecting an order which had granted consent to issue such evidence of indebtedness? To approve such a practice, without proper legal guides, would render the business unstable and the status completely obfuscated. As was observed in the case of Aylward v. State Board of Examiners, supra, Cal.App., 172 P.2d 909: "' * * * These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure.' Also see Cook v. Civil Service Comm., 160 Cal. 598, 117 P. 662; Proud v. McGregor, 9 Cal.2d 178, 70 P.2d 194; Hoertkorn v. Sullivan, 67 Cal. App.2d 151, 153 P.2d 367; Pacheco v. Clark, 44 Cal.App.2d 147, 153, 154, 112 P.2d 67. Compare Noble v. Union River Logging R. Co., 147 U.S. 165, 176, 177, 13 S.Ct. 271, 37 L.Ed. 123, 127, 128; United States v. Stone, [2 Wall. 525, 537] 69 U.S. 525, 537, 17 L.Ed. 765, 767; Lane v. Watts, 234 U.S. 525, 540, 34 S.Ct. 965, 58 L.Ed. 1440, 1456; Garfield v. United States, 211 U.S. 249, 29 S.Ct. 62, 53 L.Ed. 168."

The authorities advanced by the appellants to sustain the purported rehearing order of Drinkard are to be differentiated. Without burdening the opinion with much reference, it is to be noted that in the cases cited either there was authority, because of the broad language in the statute itself (Sprague v. Woll, 7 Cir., 122 F.2d 128, 131—Railroad Retirement Act, 45 U.S. C.A. § 228a et seq.) under which the action was taken authorizing, or indicating 'an intent for, a rehearing; or the order was in a manner interlocutory and not final (United States ex rel. Knight v. Lane, 228 U.S. 6, 13, 33 S.Ct. 407, 57 L.Ed. 709); or continuing jurisdiction was given over the subject matter in controversy, as are the Interstate Commerce Commission cases, where the decisions point out that the statute provides that application for rehearing may be had "at any time" and "shall be governed by such general rules as the commission may establish." Froeber-Norfleet, Inc., v. Southern Ry. Co. et al., D.C., 9 F.Supp. 409, 410; Skinner & Eddy Corporation v. United States, 249 U.S. 557, 568, 569, 39 S.Ct. 375, 63 L.Ed. 772; United States v. American Sheet & Tin Plate Co., 301 U.S. 402, 57 S.Ct. 804, 81 L.Ed. 1186 (2). Other distinguishable cases are those where, under the statutory power of the Board of Tax Appeals of the United States authorizing the adoption of rules of practice and procedure, the Board is held to have power to proceed in accordance with its duly adopted rules upon a filing of a petition for rehearing. Helvering v. Continental Oil Co., 63 App.D.C. 5, 68 F.2d 750.

The case of State v. State Board of Adjustment, 249 Ala. 542, 32 So.2d 216, is also suggested as authoritative to a conclusion contrary to the one we reach. Reasoning conversely, that case could be regarded as rather sustentive of our view. There the Board of Adjustment reconsidered its action in denying relief to a complainant who, it had been later established, had received personal injuries in an automobile accident in which, had it been possible to sue the State, there would ·have been probable liability. It was there distinctly pointed out that the proceedings were not adversary; where opposing parties were litigating as to their claimed ·rights, but

were authorized to bestow a bounty or gratuity for the purpose of reimbursing injured persons for damages not otherwise legally collectible but which "in 'law, justice or good morals'" should be made out of the specific fund on hand appropriated for that purpose; that such being the design of the statute, to deny such a claim on the basis that a reconsideration could not be had would defeat its very purpose. 249 Ala. 544, 32 So.2d 216, 218. Thus is that case clearly distinguishable.

As of course, should matters later develop indicating a change of conditions warranting a new hearing on that basis, the Department would not be precluded from an original consideration of the issue on facts then to be presented. And we notice the order of the Department by the Chief of the Local Division comprehended this principle, the same having been entered "without prejudice to the right of the Alabama Electric Cooperative, Inc., to file another petition." But that is not this case.

We are in accord with the judgment of the trial court that the Director of the Department of Finance could not proceed to a rehearing of the present matter now finally determined after due hearing on evidence fully taken by the Chief of the Division of Local Finance, on whom was conferred that concurrent judicial power. The writ was properly issued.

Affirmed.

All the Justices concur except STAKELY, J., not sitting, having been of counsel.