37 So.2d 111

STONE v. STATE ex rel. HORN.

1 Div. 314.

Supreme Court of Alabama.
Oct. 7, 1948.

Gordon & Gordon, of Mobile, for appellant.

242

McCorvey, Turner, Rogers, Johnstone & Adams, of Mobile, for appellee.

FOSTER, Justice.

The question on this appeal is the validity of an Act of the Legislature, approved July 22, 1947, Loc.Acts 1947, p. 98, making appropriation for the relief of Mrs. Clifford Horn, payable out of the county treasury in an amount not exceeding $2000.00, to be allowed and fixed by the Board of Revenue. The Act recites that she was injured when the automobile in which she was riding ran into a washed out bridge on a certain county road, whereby certain specified injuries occurred. The Board of Revenue allowed the full amount of the claim, and caused a warrant to issue for its payment by the county treasurer. The treasurer refused to pay it or to accept the warrant and number and register it as required by section 33, Title 12, Code of 1940.

Appellee filed this petition for mandamus to require the treasurer to do so. His defense, set up in a demurrer and then an answer to the petition, was not sustained by the court, which rendered a final judgment ordering the mandamus. The treasurer appeals to this Court.

We will discuss the principles which control the contentions as presented in several assignments of error and brief of counsel.

Appellant contends that the Act is void in that it violates several provisions of the Constitution:

(1) That it violates section 94, because it is a grant of the county funds to an individual.

(2) That it violates section 95, because as a claim against the county it was barred by limitations when the Act was passed.

(3) That it violates section 104(9) in that it is a special private or local law, and exempts relator as an individual from the operation of a general law, (that is, the law which exempts a county from liability for such an injury).

(4) It violates section 108, in that it suspends the operation of a general law for the benefit of an individual (the general

law is that which exempts a county from liability for such an injury).

In respect to those contentions, it is material to observe that the Act refers to a washed out bridge on the county road. Some of the witnesses call it a culvert and describe it as constructed of wood whose surface was flush with the level of the road. There is no evidence as to its width.

Section 57, Title 23, Code, provides details and prescribes when a liability exists against a county in the matter of building a bridge or causeway. The effect of which is that to fasten liability on a county for building or maintaining a bridge, the county commission must have caused the bridge to be built by contract without taking bond from the contractor that it shall continue safe for passage of travelers for a stipulated time, or if such bond was given and the stipulated period has expired.

It is well established that a county is not liable for damages for injuries to travelers on highways for defective bridges or other defects in the highway in the absence of statute fixing liability, Brown v. Shelby County, 204 Ala. 252, 85 So. 416; Helms v. Houston County, 218 Ala. 114, 117 So. 633, and that it is not liable for any damages or claims except such as are provided by statute. First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690; Moore v. Walker County, 236 Ala. 688, 185 So. 175; Mobile County v. Maddox, 195 Ala. 336, 337, 70 So. 259; James v. Conecuh County, 79 Ala. 304.

If indeed the injury was caused by a bridge, washed out, in the contemplation of section 57, Title 23, Code, it does not appear that the county was legally liable for the injury because there is no allegation or evidence that it was built by contract, or, if so, that a bond was not given to keep it safe, or that the period of its duration had expired. In order to uphold the Act we will presume that the Legislature found it to be a bridge, because it so states, and that no legal liability was created against the county under the provisions of section 57, Title 23, supra, or any other statute or valid theory of law. So that the county should be here treated as not liable in damages as for a legal claim. If it were liable,

the Act would violate section 105 of the Constitution because relief could be given on such a claim by a court of this State. But no one here contends that there was created a legal liability. But the contention of appellant is that the situation did not justify an appropriation because there was no obligation to pay the claim legally or morally, and therefore that to do so will violate section 94 of the Constitution.

This question was carefully considered by us in Board of Revenue and Road Com'rs v. Puckett, 227 Ala. 374, 149 So. 850. In that case we reviewed the history of section 94, supra, and the cases declaring its purpose and effect. We found that this provision of our Constitution does not prohibit all appropriations of public funds to private persons who do not have a legal claim on such fund. One may be paid by an appropriation though there is no legal liability, if the claim is based on good morals, equity and justice, properly considered. There was much elaboration of this idea in that case, and we have not departed from it. A First National Bank v. Walker County Board of Education, 243 Ala. 576, 11 So.2d 297. In the Puckett case, supra, an employee was killed in an accident growing out of and arising in the course of his employment. We thought therefore that when the legislature thought that circumstance gave rise to a moral obligation, it may have been well founded. The rule was also stated to be that when the legislature found the existence of such moral obligation, the finding would not be disturbed unless it was clearly wrong. We did not by any means, as appellant seems to think, hold that an injury to one who was not an employee of the county arising from negligence of county employees would not furnish occasion for a moral obligation, though not included in the jurisdiction of the State Board of Adjustment. Section 334, Title 55, Code; State Board of Adjustment v. Lacks, 247 Ala. 72, 22 So.2d 377.

In the Puckett case, supra, negligence was not emphasized, because the injured party was an employee whose injury arose out of and in the course of his employment which gives rise to a just and

equitable claim, though not enforceable against a county. But when a member of the public is injured on account of a defect in a public road when there is no liability under section 57, Title 23, Code, or other statute, or other remedy, there should be such negligence as would be the foundation of a claim against an individual or a private corporation or a city whose duty extends to that situation, to justify an appropriation for the damages whether by general or special law. See, State ex rel. v. State Board of Adjustment, 249 Ala. 542, 32 So.2d 216; State ex rel. v. Brandon, 244 Ala. 62, 12 So.2d 319.

The principle seems to be well established in other jurisdictions that a county may be made liable by statute for damages caused by injuries arising out of the negligence of county authorities in allowing a defect to exist in the highways. 40 Corpus Juris Secundum, Highways, § 250, p. 281, note 41; Snyder v. Board of County Com'rs., 120 Kan. 659, 245 P. 162; Franek v. Butler County, 127 Neb. 852, 257 N.W. 235; Clementson v. Union County, 63 S.D. 104, 256 N.W. 794; Boggess v. King County, 150 Wash. 578, 274 P. 188; Sippel v. Fond du Lac County, 184 Wis. 607, 200 N.W. 459.

█ A city has a statutory duty to use due care as to its streets. Section 502, Title 37, Code. Without such a statute a city would in respect to its streets occupy the common law status of a county to its public roads. City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Birmingham v. Whitworth, 218 Ala. 603, 119 So. 841; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542.

The State has made provision for the payment of claims of liability to persons who are members of the public injured by the negligence of State agencies, Section 334, Title 55, Code; State ex rel. v. Board of Adjustment, 249 Ala. 542, 32 So.2d 216, not including counties.

█ The State could not appropriate its funds nor those of the counties to individuals by general law, as by the State Board of Adjustment Act, Code 1940, Tit. 55, § 333 et seq., unless it be for a public purpose or to satisfy a moral obligation based on legal standards. A general law to that effect would be as vicious and violative of sections 93 and 94 of the Constitution as a special or private one. To concede that injuries to the public resulting from the negligence of State agencies would give rise to a valid appropriation by general law would answer the inquiry here involved in respect to a special or private law as affected by section 93 or 94, supra. We think we could well hold that a claim is just and equitable and based on good morals if the circumstances on which it is founded would create a legal claim against an individual or private corporation.

It does not include ethical obligations to perform a courteous or generous act, but must relate to a just claim for financial aid on principles of good faith and legal standards having support in fair play. Webb v. McGowin, 232 Ala. 374, 168 So. 199; First National Bank v. Walker County Board of Education, 243 Ala. 576, 11 So.2d 297.

█ The Act does not specifically state that the defect existed at the time or had not been remedied as the result of the negligence of the county. But as we observed in the Puckett case, supra, lack of such averment in the Act is not conclusive that it was lacking in fact. There was evidence that the culvert or bridge had washed out at least forty-eight hours before the accident. That evidence supports a presumption that the legislature did not arbitrarily make an appropriation when there was no foundation for a claim of negligence. Under the Act in question the County Board of Revenue also had the duty to pass on the justice as well as amount of the claim.

█ As to sections 95, 104(9) and 108, supra, little need be said. There was no claim barred by lapse of time or other statute which was revived by the Act as denounced in section 95. It did not create or revive a claim at all. It merely directed the payment of an allowance based upon a moral obligation. The Constitution does not prohibit the payment of a claim barred by lapse of time. Moreover, there was here no claim which was subject to limitation. And as to 104(9) and 108, there was no general law from which an individual was ex-

empted; or which was suspended for an individual. The Act did not create a legal liability contrary to a general law.

The claim to be paid by the appropriation did not by the appropriation become a legal claim contrary to general law. No personal action would lie on it by reason of the Act, resulting in a personal judgment against the county. But the Act created certain duties on county officers enforceable by mandamus, not because the claim has ever been legalized, but only recognized as just and proper to be paid.

We think the judgment of the trial court was without error here insisted on.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.