66 So.2d 779

**OPINION OF THE JUSTICES.**

No. 130.

Supreme Court of Alabama.

July 14, 1953.

Court, as provided under the authority of Title 13, Section 34, Code of Alabama 1940, are hereby respectfully requested to render to the House their written opinion on the following important constitutional questions:

A bill to be entitled an act, and relating only to Colbert County, has been introduced in the Senate as Senate Bill No. 169, and has been passed by the Senate. The said bill has not yet been approved by the House. The bill proposes to abolish the office of County Superintendent of Education in Colbert County, and to create in lieu thereof the office of County Commissioner of Public Schools. The effective date of the proposed act would be upon its passage and approval by the Governor, or upon its otherwise becoming a law. The bill proposes that, upon passage of the proposed act, the said County Commissioner of Public Schools would be appointed by the Governor and would hold office for a 4-year term ending on July 1, 1957, then to be elected at the general election to be held in November, 1956, and every four years thereafter. A copy of Senate Bill No. 169, supra, is attached.

The incumbent of the office of County Superintendent of Education of Colbert County was elected by the qualified electors of that county in November, 1950, and assumed office on July 1, 1951, for a 4-year term expiring on July 1, 1955.[1]

1. Does Senate Bill No. 169, supra, violate the provisions of Section 105, Constitution of Alabama 1901, in that, if it becomes law, it would be a special, private, or local law enacted in a case provided for by a general law, namely, Title 52, Section 102, Code of Alabama 1940?

2. Does Senate Bill No. 169, supra, violate any of the provisions of Subsections (9), (24), or (29) of Section 104, Constitution of Alabama 1901?

3. Does Senate Bill No. 169, supra, violate any of the provisions of Section 175, Constitution of Alabama 1901 in that, if it becomes law, it would cut short the 4-year term of the incumbent County Superintendent of Education, who was elected for a 4-

House Resolution No. 60  By: Mr. Coburn

Be it resolved by the House of Representatives, that the Justices of the Supreme

1. See Act No. 38, Local Acts 1931, Page 11, and Title 17, Section 68, Code 1940.

year term in November, 1951, and whose said term will not expire until July 1, 1955? Senate Bill. 169.

### A Bill to be Entitled an Act

Relating to Colbert County; abolishing the office of County Superintendent of Education, and creating the office of County Commissioner of Public Schools in lieu thereof; providing for the election, term of office, duties and powers, and compensation of the County Commissioner of Public Schools, and conferring upon the Commissioner the powers, duties, and functions of the County School Building Commission.

Be It Enacted By The Legislature Of Alabama:

Section 1. The office of County Superintendent of Education in Colbert County is hereby abolished; and there is hereby created in lieu thereof the office of County Commissioner of Public Schools.

Section 2. Immediately upon the effective date of this Act, the Governor shall appoint a Commissioner of Public Schools, who shall hold office until July 1, 1957. A Commissioner of Public Schools for Colbert County shall be elected by the qualified electorate of Colbert County at the general election to be held in November, 1956, and every four years thereafter. He shall take office on the first day of July next succeeding the election.

Section 3. The Commissioner of Public Schools shall have the same power and authority, and shall perform the same duties and functions, now required by law to be performed by the Superintendent of Education and the County School Building Commission of Colbert County created by Act No. 702, approved September 5, 1951 (General Acts of Alabama, 1951).

Section 4. The Commissioner of Public Schools shall receive the same salary and compensation now provided by law for the County Superintendent of Education of Colbert County.

Section 5. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

House of Representatives,
State Capitol,
Montgomery, Alabama.

Dear Sirs:

We acknowledge your inquiry of June 30, 1953 requesting the opinion of the Justices of the Supreme Court of Alabama on certain constitutional questions involving the validity of Senate Bill 169 of the regular session of the Legislature of 1953.

We shall answer your inquiry by number in the order in which you have presented them:

1. No. See, State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431.

2. No.

As to section 104(9), the Act does not deal with an exemption of any individual from the operation of any general law within the meaning of this subsection. See Stone v. State, 251 Ala. 240, 37 So.2d 111. As to section 104(24), see Dunn v. Dean, 196 Ala. 486, 71 So. 709. As to section 104 (29), see State ex rel. Brown v. Slaughter, 196 Ala. 428, 71 So. 416.

3. No. See, Tucker v. State, 231 Ala. 350, 165 So. 249.

Respectfully submitted,
J. ED LIVINGSTON,
Chief Justice.
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
Justices.