This is a case involving Alabama's statutory requirement of uninsured motorist insurance coverage, Title 36, Section 74 (62a), Code of Alabama 1940. Defendant, Insurance Company of North America (INA), appeals from a judgment of the Circuit Court of Jefferson County, awarding plaintiff-appellee Thomas $8,062.50 including interest.
The circumstances involved are as follows:
On May 28, 1974 Thomas was driving a truck owned by Grady Simmons and leased to Eagle Motor Lines, Inc., when he was involved in an accident with Steven Gillespie, an uninsured motorist. Thomas suffered substantial bodily injury. The trip on which Thomas was then embarked had been dispatched by Eagle; Thomas had no written contract with Eagle but was operating under an agreement whereby Thomas received twenty percent of payment received for deliveries, Simmons sixty-five percent, and Eagle fifteen percent. Prior to May 28, Thomas had received one check in payment of his percentage: the check came from Grady Simmons. Prior to working for Simmons, Thomas had entered two other contractual relationships which had kept him in regular contact with Eagle since 1968: for a time Thomas had leased his own truck to Eagle; later he had driven for Harold Phillips, whose truck was leased to Eagle. Thomas has never owned stock in or been an officer of Eagle.
At the time of the accident, Thomas had a policy with State Farm Mutual Automobile Insurance Company which provided uninsured motorist benefits. Eagle had a liability insurance contract with INA which did not contain an uninsured motorist endorsement, and which was an excess policy with a $25,000 self-retained limit.
Thomas initiated the present case on August 19, 1974 by filing suit claiming damages for bodily injury against his own insurer, State Farm. Subsequently, State Farm filed a third-party complaint against Gillespie.
On January 19, 1975 the complaint was amended to add INA as a defendant. The amendment alleged that Thomas was a third-party beneficiary of the INA policy carried by Eagle, that the INA policy covered the truck driven by Thomas on May 28, 1974, and that the state law of Alabama required the INA policy to contain provisions for uninsured motorist coverage in Thomas's favor.
The defendant, INA, filed a motion to dismiss, which was overruled on January 21, 1975.
INA then filed its answer to plaintiff's complaint denying that the plaintiff was a beneficiary to the contract issued to Eagle by INA; denying that uninsured motorist protection for the plaintiff was written into said policy under the law of Alabama; denying that the plaintiff was entitled to recover damages from INA; setting forth that the contract between INA and Eagle was strictly an excess policy over and above the $25,000 self-retained limits; that the defendant was not an insured under said excess contract and was therefore not entitled to uninsured motorist protection; denying that the law of Alabama required uninsured motorist coverage for the plaintiff under this particular contract of insurance; and alleging that the uninsured motorist was not guilty of negligence, but that the plaintiff was himself guilty of contributory negligence. *Page 368 
INA filed a motion for summary judgment on October 31, 1975, reiterating several of the grounds contained in its answer. Additionally, INA submitted the affidavit of William C. Wilson, the INA agent who negotiated Eagle's policy. The affidavit stated that there was a specific rejection of uninsured motorist coverage by Eagle, and no premium for uninsured motorist coverage was paid.
On November 18, 1975 the case came up for trial. Before striking a jury, a hearing on the motion for summary judgment was heard, including testimony from Thomas and Wilson, and introduction, over INA's objection, of a 1965 memorandum from the superintendent of insurance requiring that rejection of uninsured motorist coverage be in writing. The trial judge overruled the motion for summary judgment.
Subsequent to that ruling, various cross claims and counterclaims were filed by the parties. INA's counterclaim against Thomas was stricken prior to the trial on the merits of the case.
At the trial before a jury Thomas repeated most of the testimony he had given at the summary judgment hearing. There was also additional testimony, stipulations, and motions. Verdict was rendered in the amount of $7,500 plus $562.50 interest.
State Farm then moved for judgment, alleging that they provided excess coverage only, and that INA was primarily liable. The trial judge held that INA was primarily liable for the first $10,000 of the verdict and entered judgment accordingly. INA excepted to the judgment.
This appeal calls for review only of questions relating to the coverage of the INA policy. These questions below were determined by the trial judge and not by the jury. We do not address ourselves to matters contained in the jury verdict.
On appeal INA argues first that the Alabama uninsured motorist coverage statute, Title 36, Section 74 (62a), Code of Alabama 1940, does not provide that such coverage is implicitly written into the policy in question, which makes no express mention of such coverage. The statute says, in pertinent part:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto, . . . under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder . . . from owners or operators of uninsured motor vehicles . . . provided, that the named insured shall have the right to reject such coverage; . ."
It is well established that if the statutory conditions are present, the courts will infer the existence of minimum uninsured motorist coverage notwithstanding the absence of a provision for such coverage in the insurance policy itself,Cline v. Aetna Ins. Co., 317 F. Supp. 1229, (S.D.Ala. 1970).
The trial judge concluded that all of the conditions are present in the case now on appeal. INA argues that the trial judge's conclusion is erroneous in several respects.
The text of Title 36, Section 74 (62a) indicates that the absence of the named insured's rejection of coverage is one such necessary condition. INA contends that such a rejection took place, and cites the affidavit and testimony of its agent, Wilson. Wilson testified that the question of uninsured motorist coverage did arise during the negotiations of the policy between INA and Eagle. According to Wilson, Eagle's representative verbally rejected the coverage. There is no testimony of this representative to corroborate Wilson's testimony as to the transaction, although it is stipulated that Eagle never paid any premiums for uninsured motorist coverage.
Wilson further testified that he did not have power to bind INA, and that there are no notes or written memoranda concerning rejection contemporary with the execution of the contract. *Page 369 
The aforementioned memorandum of the superintendent of insurance requires rejection of coverage to be in writing. The requirement of writing does not appear in the statute, but is a matter of administrative interpretation. The statute does give the insurance commissioner authority to approve provisions governing statutory uninsured motorist coverage. Such provisions must be consistent with the statute, State ex rel.Carmichael v. State Bd. of Adjustment, 249 Ala. 542,32 So.2d 216, and the requirement that rejection be in writing is consistent: it is merely a restatement of common law unaffected by the statute regarding that particular aspect of the contract. Title 36, Section 74 (62a) lays down a rule of construction requiring courts to interpret all motor vehicle liability insurance policies as providing the statutory coverage unless an agreement to reject on the part of the named insured is in evidence. The parol evidence rule, prevailing at common law, and codified as regards insurance policies at Title 28A, Section 330, Code of Alabama 1940, precludes making inquiry into prior or contemporaneous verbal agreements not incorporated in the written instrument or related papers in order to construe the terms of the policy, Alabama Farm BureauMut. Cas. Ins. Co. v. Adams, 289 Ala. 304, 267 So.2d 151. Thus, the memorandum from the superintendent merely spells out a rule which would be applied by the courts in any event. Eagle's purported verbal rejection prior to executing the policy, and not evidenced by a writing contained in or coordinate with the policy, is invalid.
INA next argues that it is illogical to impute the statutory coverage into the excess policy presently in controversy because the statutory coverage is the minimum contemplated by Title 36, Section 74 (46), Cline v. Aetna, supra. The statute therefore provides only the first $10,000 of coverage, while INA's policy expressly covers only damages in excess of $25,000. INA's argument is not well taken. Its policy restrictions limit only the contractual coverage, while the $10,000 coverage for damage caused by uninsured motorists is entirely governed by statute. Absent an effective rejection, this statutory coverage in the amount of $10,000, subject to neither deductible or self-retained limits, is a provision of every motor vehicle liability insurance policy delivered in Alabama regardless of the policy's limitations on other aspects of coverage.
INA also argues that Thomas is not an "insured" under the terms of the statute or the policy, and that recovery is therefore barred. We agree and hold that this issue is dispositive. Title 36, Section 74 (62a) has been authoritatively construed as conferring uninsured motorist coverage in favor of persons who are insured under the general liability coverage expressed in the relevant policy, State FarmAutomobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95. In the present case Thomas is not insured under the general liability coverage. The INA policy defines "Persons or Entities Insured" as the following:
"(a) The Named Insured:
 "(b) Each of the following is an insured under this policy to the extent set forth below:
 "The Insured, as referred to herein, shall include: all subsidiaries and affiliates and shall also include officers and directors of said companies, subsidiaries and affiliates, while acting within the scope of their duties as such officers and directors." (Emphasis supplied.)
Eagle is the named insured. No contention is made that Thomas is a subsidiary of Eagle or an officer or director of any subsidiary or affiliate of Eagle. Instead, the trial court based its finding of coverage on its conclusion that Thomas was an affiliate of Eagle. We hold that this conclusion is erroneous, as it conflicts with the permissible interpretation of the word "affiliate" as used in this policy. First, we believe that the term "affiliate" is used here to denote a business organization, not an individual. Any other construction would render the immediately following reference to officers or directors of affiliates nonsensical, as an individual cannot have officers or directors *Page 370 
of his person. Second, we hold that Thomas was, under the terms of the existing arrangement with Eagle and Grady Simmons, an employee of Simmons, Harris v. National Truck Service,56 Ala. App. 350, 321 So.2d 690. Absent a definition in the policy which includes such circumstances, the fact that Thomas's employer had entered into a contract to provide services to Eagle is too remote a nexus to hold that Thomas was himself "affiliated" with Eagle. While doubtful terms in an insurance contract should be construed in insured's favor, no strained construction should be indulged to raise doubt, Home Loan Finance Co. v. Fireman's Fund Ins. Co., 221 Ala. 529,129 So. 470.
In light of our finding that INA was not an uninsured motorist insurer of Thomas, we reverse the trial judge's finding that INA is the primary insurer and thus first liable. This renders the entire judgment against INA uncollectible. We also reverse the trial judge's rendition of judgment against Gillespie in favor of INA, which was similarly based on the trial judge's finding of coverage.
We affirm all other aspects of the decree.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
WRIGHT, P.J., and HOLMES, J., concur.